# CV 13     4709

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN F. GANGEMI,                    SUMMONS ISSUED
                                         CV.
                Plaintiff,

    -against-   MATSUMOTO, COMPLAINT FOR
                                          FOR INJUNCTIVE
BOARD OF ELECTIONS IN THE CITY OF         AND DECLARATIVE
NEW YORK                         :        RELIEF
                Defendant  POLLAK, M.J
-----------------------------------------------------------------X

## NATURE OF THIS ACTION

1. This action is brought by the plaintiff for declaratory and injunctive relief to redress the deprivation of rights secured to the plaintiff, specifically denial of due process of law pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. Jurisdiction over this action is conferred upon this court pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights and pursuant to 42 U.S.C. §1983.

## VENUE

3. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because the plaintiff is resident in this judicial district, a substantial part of the plaintiff's claims have emerged from the district, and the defendant city agency and have sufficient contacts to be subject to personal jurisdiction within the district.

## THE PLAINTIFF

4. The plaintiff is John F. Gangemi. Mr. Gangemi is an attorney licensed in the State of New York who is seeking to become a candidate on the ballot for the Democratic Party nomination for the public office of Borough President of the Borough of Brooklyn in the City of New York for the primary election to be held on September 10, 2013 and for the general election to be held in November 2013

## THE DEFENDANT

5. The defendants is the New York City Board of Elections, the local agency charged by the Election Law of the State of New York to conduct elections in the City of New York and determinate ballot qualification for candidates for public office, which has acted herein at all times under color of state law.

## FACTS

6. Plaintiff-Candidate filed Petitions with a Cover Sheet on July 10, 2013 for his candidacy with the Defendant Board of Elections for the public office of President of the Borough of Brooklyn in the City of New York for the Democratic Primary on September 10, 2013. On July 11, 2013, Plaintiff filed an Amended Cover Sheet with additional volumes of Petitions.

7. On July 11, 2013, Plaintiff received notification from the Board of Elections dated July 10, 2013 that he had qualified as candidate for the Democratic Party primary to be held on September 10, 2013 for the public office of President of the Borough of Brooklyn in the City of New York. Plaintiff thereupon executed a notarized Certificate of Acceptance on July 11, 2013 and duly filed same with the Board of Elections.

8. On July 15, 2003, the Board of Elections sent Plaintiff a Non-Compliance Notice relating to this Amended Cover Sheet, wherein of the 16 potential categories provided on the notice, the alleged defect was solely and exclusively a claim that Petition (KG1301124) was not a filed volume.

9. On July 17, 2013, in response to the July 15, 2013 Non-Compliance Notice, Plaintiff filed a Second Amended Cover Sheet fully complying with the Notice by removing the unfiled volume. This Second Amended Cover Sheet was in the same form as the prior Amended Cover Sheet. However, the Second Amended

Cover Sheet claimed an additional volume (KG1301377) that Plaintiff had recently discovered which contained 77 signatures for his candidacy.

10. On July 19, 2013, the Board of Elections issued a notice to Plaintiff indicating he will not appear on the ballot since the Second Amended Cover Sheet did not comply with the Election Law and Rules because it allegedly:

a) did not contain the authentication required by Rule C4; and

b) Candidate claimed Petition Volume on which he did not appear.

11. The July 19, 2013 Notice was generated pursuant to Rule D6, which states that such a letter will be issued in response to a failed attempt to cure a notice of non-compliance. However, the sole defect from the sole non-compliance letter, dated July 15, 2013, was cured by the July 17, 2013 Second Amended Cover Sheet.

12. Under the explicit language of Rule D6, the July 19, 2013 Notice had to be a determination that the Candidate was not in compliance with the previous Notice of Non-Compliance. The July 19, 2013 Notice was not such a determination because it relied on matters not in the July 15, 2013 Non-Compliance.

13. The July 19, 2013 Notice was the first time that the Board indicated an Amended Cover Sheet did not contain the proper authentication language and no notice to cure or notice of non-compliance was provided by the Board of Elections to Candidate on this issue. The July 15, 2013 Non-Compliance Notice failed to indicate this deficiency and the First Amended Cover Sheet and Second Amended

Cover Sheet both have the same form and language. There is a specific provision (#12) in the standard Non-Compliance Letter, which was not checked on July 15, 2013. Candidate relied on the lack of notice in the July 15, 2013 Non-Compliance Notice in failing to add the certification language to the Second Amended Cover Sheet.

14. The July 19, 2013 Notice was the first and only time that the Board indicated that Volume KG1301377 was a Petition Volume that Candidate's name does not appear and no notice to cure or notice of non-compliance was provided by the Board of Elections to Candidate on this issue as required by Election Law section 6-134(2)(d)(2) &(3).

15. In fact, Plaintiff's name does appear in Volume KG1301377 on 10 pages (pages 137 to 144 and 151 to 152 therein) of that volume and the Board of Elections' assertion was otherwise erroneous.

16. Plaintiff was not provided with adequate and sufficient notice and opportunity to appear and be heard on the issue of the deprivation of his position on the ballot for the public office of Brooklyn Borough President.

17. Notwithstanding the failure of the Board of Elections to provide Notice of Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, Plaintiff submitted a letter with exhibits explaining his position and requesting acceptance of

a further conforming Amended Cover Sheet.

18. Notwithstanding failure of the Board of Elections to provide Notice of Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, Plaintiff filed a Third and Fourth Amended Cover Sheet (nearly simultaneously with the Fourth covering an omission in the Third), that provided the added certification language and provided clarification of the page numbers for the signatures in Volume KG1301377.

19. The Board of Elections failed to respond or otherwise deal with the request made by Plaintiff on July 24, 2013. The Board of Elections failed to reject or otherwise deal with the curative Fourth Amended Cover Sheet filed by Plaintiff on July 24, 2013.

20. The Board, through its General Counsel's Office, by email of June 22, 2013, conceded that there was no procedure for obtaining a review of this erroneous determination. However, General Counsel indicated that Plaintiff could seek recognition before the Board to seek review of the determination.

21. On July 31, 2003, Plaintiff appeared before the Board of Elections and argued the above facts and after extensive argument, the Board of Elections voted and determined unanimously that Candidate will not appear on the ballot solely on a

determination that Plaintiff's Second Amended Cover Sheet was defective[1].

22. Plaintiff commenced action in New York Supreme Court, Kings County, to validate his Petition, but was denied by Order of Justice David I. Schmidt on June 8, 2013. Plaintiff sought review in the Appellate Division of Supreme Court, which Court affirmed by Order of August 14, 2013

**WHEREFORE,** plaintiff prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

1. Declare Defendant's conduct to be in violation of the statute alleged herein;

2. Provide injunctive relief by enjoining the defendant from excluding the Plaintiff from the ballot for the Democratic Party nomination for the public office of Borough President of the Borough of Brooklyn in the City of New York at the primary election to be held on September 10, 2013 and for the general election to be held in November 2013;

---

[1] Objector Respondents had also filed Specifications claiming that Plaintiff did not have the requisite 2,000 signatures necessary for the Office sought. The Board did not reach that issue. The Board's Report indicated that it found 1,807 valid signatures. At the July 31, 2013 hearing before the Board, Plaintiff indicated that it had identified approximately 450 signatures that were wrongfully excluded because of alleged unregistered subscribing witnesses, who were in fact registered. Those 450 signatures would have brought Plaintiff to approximately 2,257 signatures, which would bring Plaintiff over the necessary minimum number, even before a line-by-line analysis was undertaken. Clearly, aside from the technicalities in the Cover Sheet, Plaintiff otherwise qualified for the ballot and, on remand, the issue will be borne out.

    3. Award Plaintiff costs and attorney's fees; and

    4. Grant such other relief as it may deem just and proper.

Dated: New York, N.Y.
August 20, 2013

Respectfully submitted:

JOHN F. GANGEMI PLLC

BY: *(signature)*
John F. Gangemi
Attorney Pro Se/Plaintiff
9920 Fourth Avenue, Suite 307
Brooklyn, New York 11209
(718) 234-2244

TO: BOARD OF ELECTIONS IN THE CITY OF NEW YORK
    Respondent
    32-42 Broadway
    New York, New York 10004