FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 21 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN F. GANGEMI,

**CV 13** CV. **4709**

Plaintiff,

-against- MATSUMOTO, J.

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK

POLLAK, M.J
Defendant.
-------------------------------------------------------------------X

DECLARATION IN
SUPPORT OF MOTION
FOR INJUNCTIVE
AND DECLARATIVE
RELIEF

JOHN F. GANGEMI declares the following under penalty of perjury pursuant

to 28 USC section 1746:

1. I am the Plaintiff in this action. I have brought this action for declaratory and

injunctive relief to redress the deprivation of my constitutional rights, specifically

the denial of due process of law pursuant to 42 U.S.C. §1983 and the First and

Fourteenth Amendments to the United States Constitution. A copy of the Complaint

is annexed hereto as Exhibit A. I make this Declaration in support of my motion for

declaratory and injunctive relief based on my personal knowledge.

2. I am seeking to become a candidate on the ballot for the Democratic Party

nomination for the public office of Borough President of the Borough of Brooklyn

in the City of New York for the primary election to be held on September 10, 2013

and for the general election to be held in November 2013.

1

3. My campaign filed Petitions with a Cover Sheet on July 10, 2013 for my candidacy with the Defendant Board of Elections for the public office of President of the Borough of Brooklyn in the City of New York for the Democratic Primary on September 10, 2013. Cover sheet annexed hereto as Exhibit B. The New York City Board of Elections is the local agency charged by the Election Law of the State of New York to conduct elections in the City of New York and determinate ballot qualification for candidates for public office, which has acted herein at all times under color state law. On July 11, 2013, my campaign filed an Amended Cover Sheet with additional volumes of Petitions. First Amended Cover Sheet annexed hereto as Exhibit C.

4. On July 11, 2013, I received notification from the Board of Elections dated July 10, 2013 that I had qualified as candidate for the Democratic Party primary to be held on September 10, 2013 for the public office of President of the Borough of Brooklyn in the City of New York. I thereupon executed a notarized Certificate of Acceptance on July 11, 2013 and duly filed same with the Board of Elections. Notification and Certificate of Acceptance annexed hereto as Exhibit D.

5. On July 15, 2003, the Board of Elections sent my campaign a Non-Compliance Notice relating to the Amended Cover Sheet, wherein of the 16 potential categories provided on the notice, the alleged defect was solely and

exclusively a claim that Petition (KG1301124) was not a filed volume. Copy of this Notice is annexed as Exhibit E.

6. On July 17, 2013, in response to the July 15, 2013 Non-Compliance Notice, my campaign filed a Second Amended Cover Sheet fully complying with the Notice by removing the unfiled volume. This Second Amended Cover Sheet was in the same form as the prior Amended Cover Sheet. However, the Second Amended Cover Sheet claimed an additional volume (KG1301377) that I had recently discovered which contained 77 signatures for my candidacy. Second Amended Cover Sheet annexed hereto as Exhibit F.

7. On July 19, 2013, the Board of Elections issued a notice to my campaign indicating that I will not appear on the ballot since the Second Amended Cover Sheet did not comply with the Election Law and Rules because it allegedly:

a) did not contain the authentication required by Rule C4; and

b) Candidate claimed Petition Volume on which he did not appear.

Notice annexed hereto as Exhibit G.

8. Upon information and belief, the July 19, 2013 meeting of the Cover Sheet Review Committee that made the determination was made at a general Public Meeting Notice on one day notice without indication of an opportunity to be heard or any specific notation as to who was to be on notice of any deprivation. Copy of Public Meeting notice is annexed hereto as Exhibit H

3

9. The July 19, 2013 Notice was generated pursuant to Rule D6, which states that such a letter will be issued in response to a failed attempt to cure a notice of non-compliance. However, the sole defect from the sole non-compliance letter, dated July 15, 2013, was cured by the July 17, 2013 Second Amended Cover Sheet. The Calendar & Designating Rules for September 10, 2013 Primary are annexed hereto as Exhibit I.

10. Under the explicit language of Rule D6, the July 19, 2013 Notice had to be a determination that the Candidate was not in compliance with the previous Notice of Non-Compliance. The July 19, 2013 Notice was not such a determination because it relied on matters not in the July 15, 2013 Non-Compliance.

11. The July 19, 2013 determination Notice was the first time that the Board indicated an Amended Cover Sheet did not contain the proper authentication language and no notice to cure or notice of non-compliance was provided by the Board of Elections to Candidate on this issue. The July 15, 2013 Non-Compliance Notice failed to indicate this deficiency and the First Amended Cover Sheet and Second Amended Cover Sheet both have the same form and language. There is a specific provision (#12) in the standard Non-Compliance Letter, which was not checked on July 15, 2013. I relied on the lack of notice in the July 15, 2013 Non-Compliance Notice in failing to add the certification language to the Second Amended Cover Sheet.

4

12. The July 19, 2013 determination Notice was the first and only time that the Board indicated that Volume KG1301377 was a Petition Volume that my name does not appear and no notice to cure or notice of non-compliance was provided by the Board of Elections to me on this issue as required by Election Law section 6-134(2)(d)(2) &(3).

13. In fact, my name does appear in Volume KG1301377 on 10 pages (pages 137 to 144 and 151 to 152 therein) of that volume and the Board of Elections' deficiency assertion was otherwise erroneous. Copy of these 10 pages of signatures from that volume are annexed hereto as Exhibit J.

14. I was not provided with adequate and sufficient notice and opportunity to appear and be heard on the issue of the deprivation of my position on the ballot for the public office of Brooklyn Borough President, both as to the July 19, 2013 meeting and the alleged defects that arose for the first time at that meeting..

15. Notwithstanding the failure of the Board of Elections to provide Notice of Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, My campaign submitted a letter with exhibits explaining my position and requesting acceptance of a further conforming Amended Cover Sheet. Copy of Letter (without Exhibits) annexed hereto as Exhibit K.

16. Notwithstanding failure of the Board of Elections to provide Notice of

Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, I filed a Third and Fourth Amended Cover Sheet (nearly simultaneously with the Fourth covering an omission in the Third), that provided the added certification language and provided clarification of the page numbers for the signatures in Volume KG1301377. Third and Fourth Cover Sheets annexed hereto as Exhibit L.

17. The Board of Elections failed to respond or otherwise deal with the request my campaign made on July 24, 2013. The Board of Elections failed to reject or otherwise deal with the curative Fourth Amended Cover Sheet I filed on July 24, 2013.

18. The Board, through its General Counsel's Office, by email of June 22, 2013, conceded that there was no procedure for obtaining a review of this erroneous determination. However, General Counsel indicated that my campaign could seek recognition before the Board to seek review of the determination. Email chain annexed hereto as Exhibit M.

19. On July 31, 2003, my campaign representatives appeared before the Board of Elections at a Public Hearing to seek a re-determination and argued the above facts and after extensive argument, the Board of Elections voted and determined unanimously that I would not appear on the ballot solely on a

determination that Plaintiff's Second Amended Cover Sheet was defective[1]. The July 31, 2013 Notice of Hearing was specific as its agenda and who would be heard and indicated that there would be an opportunity to be heard. Copy of July 31, 2013 Public Hearing Notice annexed hereto as Exhibit N. Notice of July 31, 2013 Hearing is also provided on the first page of the rulebook handed to each candidate at the Board of Elections, see Exhibit I.

20. I commenced action in New York Supreme Court, Kings County, to validate his Petition, but was denied by Order of Justice David I. Schmidt on June 8, 2013. Copy of Order annexed hereto as Exhibit O. Plaintiff sought review in the Appellate Division of Supreme Court, which Court affirmed by Order of August 14, 2013. Copy of Order annexed hereto as Exhibit P.

21. No previous application has been made to this or any other Court for the relief sought herein.

**WHEREFORE,** I pray that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

---

[1] Objector Respondents had also filed Specifications claiming that I did not have the requisite 2,000 signatures necessary for the Office sought. The Board did not reach that issue. The Board's Report indicated that it found 1,807 valid signatures. At the July 31, 2013 hearing before the Board, my campaign indicated that it had identified approximately 450 signatures that were wrongfully excluded because of alleged unregistered subscribing witnesses, who were in fact registered. Those 450 signatures would have brought Plaintiff to approximately 2,257 signatures, which would bring me over the necessary minimum number, even before a line-by-line analysis was undertaken. Clearly, aside from the technicalities in the Cover Sheet, I otherwise qualified for the ballot and, on remand to the Board of Elections, the issue will be borne out.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN F. GANGEMI,

                    Plaintiff,

                -against-

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK                       :

                Defendant

CV.

COMPLAINT FOR
FOR INJUNCTIVE
AND DECLARATIVE
RELIEF

------------------------------------------------------------------------X

## NATURE OF THIS ACTION

    1. This action is brought by the plaintiff for declaratory and injunctive relief to redress the deprivation of rights secured to the plaintiff, specifically denial of due process of law pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

    2. Jurisdiction over this action is conferred upon this court pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights and pursuant to 42 U.S.C. §1983.

## VENUE

3. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because the plaintiff is resident in this judicial district, a substantial part of the plaintiff's claims have emerged from the district, and the defendant city agency and have sufficient contacts to be subject to personal jurisdiction within the district.

## THE PLAINTIFF

4. The plaintiff is John F. Gangemi. Mr. Gangemi is an attorney licensed in the State of New York who is seeking to become a candidate on the ballot for the Democratic Party nomination for the public office of Borough President of the Borough of Brooklyn in the City of New York for the primary election to be held on September 10, 2013 and for the general election to be held in November 2013

## THE DEFENDANT

5.The defendants is the New York City Board of Elections, the local agency charged by the Election Law of the State of New York to conduct elections in the City of New York and determinate ballot qualification for candidates for public office, which has acted herein at all times under color of state law.

## FACTS

6. Plaintiff-Candidate filed Petitions with a Cover Sheet on July 10, 2013 for his candidacy with the Defendant Board of Elections for the public office of President of the Borough of Brooklyn in the City of New York for the Democratic Primary on September 10, 2013. On July 11, 2013, Plaintiff filed an Amended Cover Sheet with additional volumes of Petitions.

7. On July 11, 2013, Plaintiff received notification from the Board of Elections dated July 10, 2013 that he had qualified as candidate for the Democratic Party primary to be held on September 10, 2013 for the public office of President of the Borough of Brooklyn in the City of New York. Plaintiff thereupon executed a notarized Certificate of Acceptance on July 11, 2013 and duly filed same with the Board of Elections.

8. On July 15, 2003, the Board of Elections sent Plaintiff a Non-Compliance Notice relating to this Amended Cover Sheet, wherein of the 16 potential categories provided on the notice, the alleged defect was solely and exclusively a claim that Petition (KG1301124) was not a filed volume.

9. On July 17, 2013, in response to the July 15, 2013 Non-Compliance Notice, Plaintiff filed a Second Amended Cover Sheet fully complying with the Notice by removing the unfiled volume. This Second Amended Cover Sheet was in the same form as the prior Amended Cover Sheet. However, the Second Amended

Cover Sheet claimed an additional volume (KG1301377) that Plaintiff had recently discovered which contained 77 signatures for his candidacy.

10. On July 19, 2013, the Board of Elections issued a notice to Plaintiff indicating he will not appear on the ballot since the Second Amended Cover Sheet did not comply with the Election Law and Rules because it allegedly:

a) did not contain the authentication required by Rule C4; and

b) Candidate claimed Petition Volume on which he did not appear.

11. The July 19, 2013 Notice was generated pursuant to Rule D6, which states that such a letter will be issued in response to a failed attempt to cure a notice of non-compliance. However, the sole defect from the sole non-compliance letter, dated July 15, 2013, was cured by the July 17, 2013 Second Amended Cover Sheet.

12. Under the explicit language of Rule D6, the July 19, 2013 Notice had to be a determination that the Candidate was not in compliance with the previous Notice of Non-Compliance. The July 19, 2013 Notice was not such a determination because it relied on matters not in the July 15, 2013 Non-Compliance.

13. The July 19, 2013 Notice was the first time that the Board indicated an Amended Cover Sheet did not contain the proper authentication language and no notice to cure or notice of non-compliance was provided by the Board of Elections to Candidate on this issue. The July 15, 2013 Non-Compliance Notice failed to indicate this deficiency and the First Amended Cover Sheet and Second Amended

Cover Sheet both have the same form and language. There is a specific provision (#12) in the standard Non-Compliance Letter, which was not checked on July 15, 2013. Candidate relied on the lack of notice in the July 15, 2013 Non-Compliance Notice in failing to add the certification language to the Second Amended Cover Sheet.

14. The July 19, 2013 Notice was the first and only time that the Board indicated that Volume KG1301377 was a Petition Volume that Candidate's name does not appear and no notice to cure or notice of non-compliance was provided by the Board of Elections to Candidate on this issue as required by Election Law section 6-134(2)(d)(2) &(3).

15. In fact, Plaintiff's name does appear in Volume KG1301377 on 10 pages (pages 137 to 144 and 151 to 152 therein) of that volume and the Board of Elections' assertion was otherwise erroneous.

16. Plaintiff was not provided with adequate and sufficient notice and opportunity to appear and be heard on the issue of the deprivation of his position on the ballot for the public office of Brooklyn Borough President.

17. Notwithstanding the failure of the Board of Elections to provide Notice of Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, Plaintiff submitted a letter with exhibits explaining his position and requesting acceptance of

a further conforming Amended Cover Sheet.

18. Notwithstanding failure of the Board of Elections to provide Notice of Non-Compliance pursuant to Election Law 6-134(2)(d)(2) &(3), on July 24, 2013, within 3 (three) business days of receipt of the July 19, 2013 Notice, Plaintiff filed a Third and Fourth Amended Cover Sheet (nearly simultaneously with the Fourth covering an omission in the Third), that provided the added certification language and provided clarification of the page numbers for the signatures in Volume KG1301377.

19. The Board of Elections failed to respond or otherwise deal with the request made by Plaintiff on July 24, 2013. The Board of Elections failed to reject or otherwise deal with the curative Fourth Amended Cover Sheet filed by Plaintiff on July 24, 2013.

20. The Board, through its General Counsel's Office, by email of June 22, 2013, conceded that there was no procedure for obtaining a review of this erroneous determination. However, General Counsel indicated that Plaintiff could seek recognition before the Board to seek review of the determination.

21. On July 31, 2003, Plaintiff appeared before the Board of Elections and argued the above facts and after extensive argument, the Board of Elections voted and determined unanimously that Candidate will not appear on the ballot solely on a

determination that Plaintiff's Second Amended Cover Sheet was defective[1].

22. Plaintiff commenced action in New York Supreme Court, Kings County, to validate his Petition, but was denied by Order of Justice David I. Schmidt on June 8, 2013. Plaintiff sought review in the Appellate Division of Supreme Court, which Court affirmed by Order of August 14, 2013

**WHEREFORE,** plaintiff prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

1.    Declare Defendant's conduct to be in violation of the statute alleged herein;

2.    Provide injunctive relief by enjoining the defendant from excluding the Plaintiff from the ballot for the Democratic Party nomination for the public office of Borough President of the Borough of Brooklyn in the City of New York at the primary election to be held on September 10, 2013 and for the general election to be held in November 2013;

---

[1] Objector Respondents had also filed Specifications claiming that Plaintiff did not have the requisite 2,000 signatures necessary for the Office sought. The Board did not reach that issue. The Board's Report indicated that it found 1,807 valid signatures. At the July 31, 2013 hearing before the Board, Plaintiff indicated that it had identified approximately 450 signatures that were wrongfully excluded because of alleged unregistered subscribing witnesses, who were in fact registered. Those 450 signatures would have brought Plaintiff to approximately 2,257 signatures, which would bring Plaintiff over the necessary minimum number, even before a line-by-line analysis was undertaken. Clearly, aside from the technicalities in the Cover Sheet, Plaintiff otherwise qualified for the ballot and, on remand, the issue will be borne out.

3.    Award Plaintiff costs and attorney's fees; and

4.    Grant such other relief as it may deem just and proper.

Dated:    New York, N.Y.
          August 20, 2013

                                    Respectfully submitted:

                                    JOHN F. GANGEMI PLLC

                                    BY: _____

                                         John F. Gangemi
                                    Attorney Pro Se/Plaintiff
                                      9920 Fourth Avenue, Suite 307
                                    Brooklyn, New York 11209
                                    (718) 234-2244

TO:  BOARD OF ELECTIONS IN THE CITY OF NEW YORK
      Respondent
      32-42 Broadway
      New York, New York 10004



**COVER SHEET**

Designating and Independent Petitions
Filed In New York City
and Counties which Utilize Petition Identification Numbering System

Democratic Party

| Name of Candidate | Public Office or Party Position | Residence Address (Also mailing address if different) |
|---|---|---|
| John F. Gangemi | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, NY 11228 |

Total Number of Volumes in Petition ..................... _8_

Identification Numbers KG1301130, KG1301120, KG1301129, KG1301118, KG1301117, KG1301... KG1301119, KG130112...

The petition contains the number, or in excess of the number, of valid signatures required by the Election Law.

Contact Person to Correct Deficiencies:

Name: _Frank Morano_
(please print)

Residence Address: _1026 Sinclair Ave_
_Staten Island, NY 10309_
(also mailing address if different)

Phone: _347-742-7902_     Fax: _____
(Include if notice by fax desired)

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above:

_Frank Morano_
Candidate or Agent

SAMPLE PREPARED BY STATE BOARD OF ELECTIONS

AMENDED COVER SHEET

## Designating and Independent Petitions
## Filed In New York City
## and Counties which Utilize Petition Identification Numbering Systems

# DEMOCRATIC PARTY

2013 JUL 11 PH 6:30
RECEIVED
G.O. BD. OF ELECTION
IN THE CITY OF NEW YORK
32 BROADWAY

| Name of Candidate | Public Office or Party Position | Residence Address (Also mailing address if different) |
|---|---|---|
| JOHN F. GANGEMI | PRESIDENT OF THE BOROUGH OF BROOKLYN OF THE CITY OF NEW YORK | 1040 84TH STREET BROOKLYN, NY 11228 |

**Total Number of Volumes in Petition** ...................... __14__

**Identification Numbers** KG-1301130, KG-1301120, KG-1301129, KG-1301118, KG-130111,
KG-1301127, KG-1301128, KG-1301119, KG-1301135, KG-1301I,
KG-1301124, KG-1301121, KG-1301131, KG-1301122

The petition contains the number, or in excess of the number, of valid signatures required by the Election Law.

**Contact Person to Correct Deficiencies:**

Name: __FRANK MORANO__
(please print)

Residence Address: __1026 SINCLAIR AVE__

__STATEN ISLAND, NY 10309__
(also mailing address if different)

2013 JUL 17 AM 11:36
RECEIVED
G.O. BD. OF ELECTION
IN THE CITY OF NEW YO...
32 BROADWAY

Phone: __347-742-7902__        Fax: _____
(Include if notice by fax desired)

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above:

__Frank Mrno__

Candidate or Agent

"4"

**Exhibit D**

FREDERIC M. UMANE
PRESIDENT

GREGORY C. SOUMAS
SECRETARY

JOSE MIGUEL ARAUJO
NAOMI BARRERA
JULIE DENT
MARIA R. GUASTELLA
MICHAEL MICHEL
SIMON SHAMOUN
J.P. SIPP

COMISSIONERS



**BOARD OF ELECTIONS**
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004 -1609
(212) 487-5300
FAX (212) 487-5349
www.vote.nyc.ny.us

EXECUTIVE DIRECTOR

DAWN SANDOW
DEPUTY EXECUTIVE DIRECTOR

PAMELA GREEN PERKINS
ADMINISTRATIVE MANAGER

TROY JOHNSON
COORDINATOR
CANDIDATE RECORDS UNIT

7/10/2013

John F. Gangemi
1040 84 Street
Brooklyn, NY 11228

Dear Candidate John F. Gangemi:

You are hereby notified that a petition has been filed with this agency designating you as a candidate of the Democratic Party, for the Office of Borough President - Kings, in the City of New York to be voted for at the Primary Election 2013 - 09/10/2013. Your name shall appear on the ballot as it appears on this notice.

**Pursuant to New York State Election Law § 6-146(1):**

"Acceptance or declination of designation of nomination. A person designated as a candidate for nomination or for party position, or nominated for an office otherwise than at a primary election, may, in a certificate signed and acknowledge by him, and filed as provided in this article, decline the designation or nomination; provided, however, that, if designated or nominated for public office other than a judicial office by a party of which he is not a duly enrolled member, or if a designated or nominated for a public office other than a judicial office by more than one party or independent body or by an independent body alone, such person shall, in a certificate signed and acknowledged by him, and filed as provided in this article accept the designation or nomination as a candidate of each such party or independent body other than that of the party in which he is an enrolled member, otherwise such designation or nomination shall be null and void."

Pursuant to § 6-158 of the New York State Election Law, the last day to file such acceptance or declination is **Monday, July 15, 2013**.

Please be aware that pursuant to Article 14 of the New York State Election Law, candidates and political committees are required to file statements disclosing information about contributions received and expenditures made in connection with an election.

Very truly yours,

Troy Johnson
Coordinator
Candidates Record Unit

# CERTIFICATE OF ACCEPTANCE

(Section 6-146, Election Law)

I, _____John F. Gangemi_____ , residing at

    (Candidate's Name)

_____1040 - 84th Street, Brooklyn, New York 11228_____

    (Address)

having been designated/nominated by the __Democratic Party_____

    (Name of Party)

Party, as a candidate for the office of __Brooklyn Borough President__

    (Title of Office and Political Subdivision)

_____ district, do hereby ACCEPT such designation/nomination and

(District Number if any)

consent to be such candidate of such party at a __Primary Election___

    (Special/Primary/General)

election to be held on _____September 10,_____ , 20 13 .

___July 11, 2013_____

(Date)

    (Signature of Candidate)

State of New York    :

County of ____Kings____ : ss:

On this ____11th____ day of __July_____ , 20 13 , before me

personally appeared __John F. Gangemi____ , to me known and known to me to be

the individual described therein, and who executed the foregoing instrument, and

acknowledged to me that he/she executed the same.

_____

Notary Public

MICHELE JETTE
Notary Public - State of New York
NO. 01JE6273170
Qualified in Richmond County
My Commission Expires 12/15/16

Rev. 04/2012





FREDERIC M. UMANE
PRESIDENT

GREGORY C. SOUMAS
SECRETARY

JOSE MIGUEL ARAUJO
NAOMI BARRERA
JULIE DENT
MARIA R. GUASTELLA
MICHAEL MICHEL
SIMON SHAMOUN
J.P. SIPP

COMMISSIONERS

**BOARD OF ELECTIONS**
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004-1609
(212) 487-5300
www.vote.nyc.ny.us

EXECUTIVE DIRECTOR

DAWN SANDOW
DEPUTY EXECUTIVE DIRECTOR

PAMELA GREEN PERKINS
ADMINISTRATIVE MANAGER

STEVEN H. RICHMAN
GENERAL COUNSEL
Tel: (212) 487-5338
Fax: (212) 487-5342
E-Mail:
srichman@boe.nyc.ny.us

July 15, 2013

Frank Morano
1026 Sinclair Ave
Staten Island, NY 10309

Candidate's Name: John F. Gangemi

Party: Democratic

Office: Borough President

District: Kings County – City of New York

Dear Sir/Madam:

Please be advised that your cover sheet fails to comply with the New York State Board of Elections Regulations, 9NYCRR §6215, or this Board's Rules for Designating/Opportunity to Ballot Petitions adopted on April 16, 2013, for the following reason(s):

___ 1.  No cover sheet filed.
___ 2.  Cover sheet attached to petition.
___ 3.  Name of Party omitted from cover sheet.
___ 4.  Number of volumes omitted from cover sheet.
___ 5.  Number of volumes claimed doesn't agree with claimed identification numbers on cover sheet.
___ 6.  No identification number(s) claimed on cover sheet.
___ 7.  Incorrect identification number(s) on cover sheet.
___ 8.  Cover sheet omits statement that the petition contains the number of valid signatures required by the Election Law.

"3"

___   9.   Candidate name omitted from cover sheet.
___   10.   Candidate address omitted from cover sheet.
___   11.   Office and/or district omitted from cover sheet.
___   12.   Amended cover sheet is not certified.
___   13.   County committee schedule omitted.
___   14.   County committee schedule does not conform to regulations.
___   15.   Some candidates for county committee have no page numbers
            on the schedule. Those candidates are removed unless the defect is
            cured.
__X__   16.   **Other: Petition Identification Number KG1301124 not filed.**


       This defect may be cured within three (3) business days of the date of this
letter by the filing of an amended cover sheet. Amended cover sheets must be *filed
in person only* at the Executive Office, 32 Broadway, 7th Floor, Borough of
Manhattan, New York.

       Failure to file the amended cover sheet within the three (3) day period shall be
a *FATAL DEFECT*.

                              Very Truly Yours,


                       THE COMMISSIONERS OF ELECTIONS
                          IN THE CITY OF NEW YORK


Rev. 07/1/2013 GK

                                   2



RECOMMENDED COVERSHEET

## Designating and Independent Petitions
## Filed In New York City
## and Counties which Utilize Petition Identification Numbering Systems

# DEMOCRATIC PARTY

| Name of Candidate | Public Office or Party Position | Residence Address (Also mailing address if different) |
|---|---|---|
| JOHN F. GANGEMI | PRESIDENT OF THE BOROUGH OF BROOKLYN OF THE CITY OF NEW YORK | 1040 84TH STREET BROOKLYN, N.Y. 11228 |

**Total Number of Volumes in Petition** ..................... _14_

**Identification Numbers** ... KG1301130, KG1301120, KG1301129, KG1301118, KG1301117, KG1301127, KG1301126, KG1301119, KG1301135, KG1301136, KG1301121, KG1301131, KG1301122, KG1301377

The petition contains the number, or in excess of the number, of valid signatures required by the Election Law.

**Contact Person to Correct Deficiencies:**

Name: FRANK MORANO
(please print)

Residence Address: 1026 SINCLAIR AVENUE

STATEN ISLAND, N.Y 10309
(also mailing address if different)

Phone: 347-742-7902    Fax: _____
(Include if notice by fax desired)

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above:

_Frank Morano_
Candidate or Agent

RECEIVED G.O.B. BD. OF ELECTION IN THE CITY OF NEW YORK 32 BROADWAY 2013 JUL 17 AM 11:36

"2"

Exhibit C



FREDERIC M. UMANE
PRESIDENT

GREGORY C. SOUMAS
SECRETARY

JOSE MIGUEL ARAUJO
NAOMI BARRERA
JULIE DENT
MARIA R. GUASTELLA
MICHAEL MICHEL
SIMON SHAMOUN
J.P. SIPP

COMMISSIONERS

EXECUTIVE DIRECTOR

DAWN SANDOW
DEPUTY EXECUTIVE DIRECTOR

PAMELA GREEN PERKINS
ADMINISTRATIVE MANAGER

STEVEN H. RICHMAN
GENERAL COUNSEL
Tel: (212) 487-5338
Fax: (212) 487-5342
E-Mail:
srichman@boe.nyc.ny.us

## BOARD OF ELECTIONS
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004–1609
(212) 487–5300
www.vote.nyc.ny.us

Frank Morano
1026 Sinclair Avenue
Staten Island, NY 10309

July 19, 2013

Dear Sir or Madam:

The Commissioners of Elections (or duly constituted committee thereof), pursuant to the provisions of Rule D6 of the Board's Designating Petition Rules for the September 10, 2013 Primary Election, at a meeting held on July 19, 2013, determined that the following **will not appear on the ballot** for the September 10, 2013 Primary Election since the Amended Cover Sheet filed **did not** comply with the New York State Election Law and/or the Rules of the Board of Elections, in that the amended cover sheet:

(1) ___X___ did not contain the authentication required by Rule C4.

(2) Candidate Claims Petition Volume on which Candidate Does Not Appear.

| Candidate | Party | Office | District |
|---|---|---|---|
| John F. Gangemi | Democratic | Borough President | Kings |

Very truly yours,

THE COMMISSIONERS OF ELECTIONS
IN THE CITY OF NEW YORK

Rev. 06/22/2012



FREDERIC M. UMANE
PRESIDENT

GREGORY C. SOUMAS
SECRETARY

JOSE MIGUEL ARAUJO
NAOMI BARRERA
JULIE DENT
MARIA GUASTELLA
MICHAEL MICHEL
SIMON SHAMOUN
J.P. SIPP

COMMISSIONERS

**BOARD OF ELECTIONS**
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004–1609
(212) 487–5300
www.vote.nyc.ny.us

EXECUTIVE DIRECTOR

DAWN SANDOW
DEPUTY EXECUTIVE DIRECTOR

PAMELA GREEN PERKINS
ADMINISTRATIVE MANAGER

STEVEN H. RICHMAN
GENERAL COUNSEL
Tel: (212) 487-5338
Fax: (212) 487-5342
E-Mail:
srichman@boe.nyc.ny.us

# REVISED PUBLIC NOTICE

## SCHEDULE OF MEETINGS FOR THE COMMISSIONERS' PETITION & COVER SHEET REVIEW COMMITTEE FOR DESIGNATING PETITION MATTERS

Pursuant to the provisions of the NYS Election Law [§3-212(5)], the Rules and Regulations of the NYS Board of Elections [9 NYCRR 6215] as well as the Board's Designating Petition Rules [Rule D2], the Commissioners' Petition and Cover Sheet Review Committee is scheduled to meet in open session on the dates and times indicated in the <u>Executive Conference Room, 7th Floor, 42 Broadway:</u>

| *DATE:* | *REP. COMM.* | *DEM. COMM.* |
|---|---|---|
| **WEDNESDAY, JULY 17** (@ 4 PM) | Michel | Araujo |
| **FRIDAY, JULY 19** (@ 4 PM) | Michel | Dent |
| **TUESDAY, JULY 23** (immediately after the Commissioners' Mtg) | Umane | Barrera |

*In the unlikely event that there are no defects to be presented to the Committee for action, the Office of the General Counsel will advise the public by 2 PM that day of that fact.*

*Prepared by the Office of the General Counsel*
*Board of Elections in the City of New York*
*REVISED: July 18, 2013*



**Exhibit I**

# Petition Filing Calendar for the
# September 10, 2013 Primary Election

**************************************************************************

First day to circulate Designating Petitions………………..………………Tuesday, June 04, 2013
Last day to circulate Designating Petitions……..…….......................... Thursday, July 11, 2013

## DESIGNATING PETITIONS

## DATES AND HOURS FOR FILING

Monday, July 08, 2013...................................................................................9 A.M. to 5 P.M.
Tuesday, July 09, 2013.................................................................................9 A.M. to 5 P.M.
Wednesday, July 10, 2013............................................................................9 A.M. to 5 P.M.
Thursday, July 11, 2013..........................................................................9 A.M. to 12 Midnight

| For Designating Petitions Filed on: | General Objections Must Be Filed by: |
|---|---|
| Monday, July 08, 2013 | Midnight, Thursday, July 11, 2013 |
| Tuesday, July 09, 2013 | Midnight, Friday, July 12, 2013 |
| Wednesday, July 10, 2013 | Midnight, Monday, July 15, 2013 |
| Thursday, July 11, 2013 | Midnight, Monday, July 15, 2013 |

| For General Objections Filed on: | Specifications Must Be Filed by: |
|---|---|
| Thursday, July 11, 2013 | Midnight, Wednesday, July 17, 2013 |
| Friday, July 12, 2013 | Midnight, Thursday, July 18, 2013 |
| Monday, July 15, 2013 | Midnight, Monday, July 22, 2013 |
| Monday, July 15, 2013 | Midnight, Monday, July 22, 2013 |

Last day to file Certificate of Authorization of petition designation..........Monday, July 15, 2013
Last day to file Acceptance or Declination of petition designation..........Monday, July 15, 2013
Last day to fill Vacancy caused by declination of petition designation....Friday, July 19, 2013
Last day to submit Proof of Service of Specifications.................Day after Specifications are Filed
Last day to institute Judicial Proceedings...........Thursday, July 25, 2013 **OR** (3) business days with regard to designating petitions after BOE hearing where petition is invalidated.

Board of Elections' **HEARINGS ON DESIGNATING PETITIONS** at the Executive Office, 42 Broadway, 6th Floor starting on **TUESDAY, JULY 30, 2013 at 10 AM and continuing on WEDNESDAY, JULY 31, 2013, THURSDAY, AUGUST 1, 2013 and FRIDAY, AUGUST 2, 2013 (if necessary)**. Interested parties should contact the Board's Executive Office after the Commissioners' Meeting on **JULY 23, 2013 at 1:30 PM** to obtain a detailed breakdown of the Hearing Schedule by Borough by calling (212) 487-5300.

**************************************************************************

## OPPORTUNITY TO BALLOT PETITIONS

First day to circulate Opportunity to Ballot (OTB) Petition........................Tuesday, June 25, 2012
Last day to file Opportunity to Ballot Petition............................Midnight, Thursday, July 18 2012
Last day to file OTB Petition if designated candidate declines..Midnight, Thursday, July 25, 2012
Last day to file general objections to OTB Petition..............................(3) days after petition filed
Last day to file specifications of objections to OTB Petition.....................6) days after objections filed* (*If a Saturday or Sunday, then file by midnight of the following Monday)

Last day to institute Judicial Proceedings regarding OTB Petitions.......Thursday, August 1, 2013
                                    **OR** (3) business days after BOE hearing where petition is invalidated

Board of Elections' **HEARINGS ON OPPORTUNITY TO BALLOT PETITIONS** at the Executive Office, 42 Broadway, 6th Floor, on **TUESDAY, AUGUST 6, 2013 at 1:30 PM.**

*Issued By: The Board of Elections in the City of New York on April 17, 2013*



**FREDERIC M. UMANE**
PRESIDENT

**GREGORY C. SOUMAS**
SECRETARY

**JOSE MIGUEL ARAUJO**
**NAOMI BARRERA**
**JULIE DENT**
**MARIA R. GUASTELLA**
**MICHAEL MICHEL**
**SIMON SHAMOUN**
**J.P. SIPP**

COMMISSIONERS

EXECUTIVE DIRECTOR

**DAWN SANDOW**
DEPUTY EXECUTIVE DIRECTOR

**PAMELA GREEN PERKINS**
ADMINISTRATIVE MANAGER

**STEVEN H. RICHMAN**
GENERAL COUNSEL
Tel: (212) 487-5338
Fax: (212) 487-5342
E-Mail:
Srichman@boe.nyc.ny.us

## BOARD OF ELECTIONS
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004–1609
(212) 487–5300
www.vote.nyc.ny.us

# DESIGNATING PETITION
# AND
# *OPPORTUNITY TO BALLOT PETITION*
# RULES FOR THE
# SEPTEMBER 10, 2013
# PRIMARY ELECTION

### Adopted: April 16, 2013

### Pre-cleared by the Attorney General of the United States: June 11, 2013

**These Rules are adopted by the Board of Elections in the City of New York [hereinafter "Board"] pursuant to Election Law § 6-154 (2). Everyone is urged to consult the Election Law and Regulations of the New York State Board of Elections, 9 NYCRR §6215, as well as these Rules.**

# DEFINITIONS:

**Petition:**       A "petition" is all of the sheets which may be filed with the Board in one or more volumes, together with any required cover sheet, which designate the same candidate for a particular public office or party position. It includes an "opportunity to ballot" petition as set forth in Section 6-166 of the Election Law.

**Petition Volume:**   A "petition volume" is the securely fastened grouping of petition sheets for one or more candidates or group of candidates.

**Cover Sheet:**    A "cover sheet" is the form (as set forth in Rule C of these Rules) to be filed with the Board which summarizes what petition volume or volumes comprise the Petition for each candidate for a particular public office or party position.

# A. GENERAL REQUIREMENTS

A1.  A designating petition shall comply with the provisions of Section 6-134 of the Election Law.  An opportunity to ballot petition shall comply with the provisions of Section 6-166 of the Election Law. Sheets of a designating petition shall be securely fastened together in one or more petition volumes.   The sheets in each petition volume shall be numbered sequentially at the bottom of each sheet

A2.  Pursuant to Section 1-106 of Election Law, all papers required to be filed shall, unless otherwise provided, be filed between the hours of 9:00 a.m. and 5:00 p.m. at the Executive Office of the Board, 32 Broadway, 7th Floor, New York, N.Y. 10004.   If the last day for filing shall fall on a Saturday, Sunday, or legal holiday, the next business day shall become the last day for filing.   The Board of Elections shall be open for the receipt of any document from 9:00 a.m. until Midnight on the last day to file any such document.  Failure of any person or entity to deliver any such document to the Board on or before the last day to file same shall be a fatal defect.

# B. IDENTIFICATION NUMBERS

B1.  No one is required to apply for a petition volume identification number before filing any petition volume. However, any person may apply for a petition volume identification number by submission of an Identification Number Application Form. Identification Number Application Forms are available at the Board's Candidate Records Unit, 32 Broadway, 7th Floor, New York, NY 10004. If a petition volume identification number has been assigned before the petition volume is filed, the petition volume identification number must appear prominently on the top of the petition volume.  The Board requests that petition volume identification numbers not be placed on the petition volume's binding.

B2.  The Board will inscribe petition volume identification numbers on all application forms.  These forms will be retained in a binder for public inspection.

B3.  A pre-assigned petition volume identification number shall be used only by the candidate/s or applicant/s named in the application.  Petition volume identification numbers are not transferable or assignable.

B4.  A pre-assigned petition volume identification number shall be used only for the election event for which the application is made.

B5.  Whenever a petition volume is filed without a pre-assigned petition volume identification number, the Board will assign a petition volume identification number at the time the petition volume is filed.

3

# C. COVER SHEET

C1.   A cover sheet must be filed for all petitions containing ten or more sheets in one volume or consisting of more than one volume.  The cover sheet SHALL BE FILED SEPARATELY from the petition volume(s).  It shall not be attached to any petition volume.

C2.   A cover sheet shall contain the following information:

a)   the office, the political party's name and district number (where appropriate) for which each designation and nomination is being made;

b)   the name and complete residence address of each candidate;

c)   the total number of volumes comprising each petition;

d)   an identification of the volumes comprising the petition; when multiple volumes are filed, a single cover sheet may be filed consistent with the  Regulations of the New York State Board of Elections, 9 NYCRR §6215.2 (a) (2), with the volumes identified by listing the identification number of each volume, either individually or cumulatively;

e)   a statement that the petition contains the number, or in excess of the number, of valid signatures, required by the Election Law;

f)   a place for the optional designation of a contact person to be notified to correct noncompliance with the Rules (a candidate may be designated as the contact person);

g)   when more than one candidate is designated or nominated on the same petition volumes, the candidates may be grouped together on a cover sheet so that the number of volumes comprising the petition need not be repeated;

h)   a cover sheet may consist of more than one page;

i)   the information contained on the cover sheet match the information printed on the petition sheet for each candidate.

C3.   The names and addresses of candidates for county committee may be set forth by election district of candidacy on a schedule to be annexed to the cover sheet.  Such cover sheet/schedule for the position of county committee shall include all the information required by Rule C2, and in addition, a list by election district of the identification numbers or

4

the volume number, and page number where such signatures appear for each election district.

C4.   An amended cover sheet must clearly identify the original cover sheet which it is amending or attach a copy of the original cover sheet which it is amending. The amended cover sheet must contain all the information required of a cover sheet. Amended cover sheets must contain the following authentication: "This is to certify that I am authorized to file this amended cover sheet." Said authentication must be signed and dated and shall include the printed name, address, and may include the office telephone number and fax number of said candidate or representative.

C5.   An amended cover sheet must be filed on or before the last day to    file the petition unless the amended cover sheet is filed to cure a failure to comply with the Rules after the Board has made a determination of non-compliance with these Rules.

C6.   The Board shall post conspicuously at the front counter at the place of petition filing during the petition circulation and filing period a sign with the following notices:

- A COVER SHEET IS TO BE FILED SEPARATELY from any petition volume; a cover sheet is not to be attached to any petition volume;
- All Sheets of each Petition Volume are to be SECURELY FASTENED;
- All sheets of each Petition Volume are to be SEQUENTIALLY NUMBERED.

5

# D.  DETERMINATIONS; CURES
## PURSUANT TO §6-134 (2) OF THE ELECTION LAW

D1.   Within two (2) business days of the receipt of a petition,[1] the Board
will review the petition to determine whether the petition complies with
the cover sheet and binding requirements of these Rules.  Such review
shall be limited to matters apparent on the face of the cover sheet, the
binding of each petition volume, and the number of petition volumes.
Such review and such determination shall be without prejudice to the
Board's determination of objections and specifications of objections filed
pursuant to the provisions of the Election Law and these Rules.

D2.   The Board, pursuant to the provisions of Section 3-212(5) of the Election
Law authorizes that a Commissioners' Committee composed of one
Commissioner from each of the political parties represented on the
Board, designated by the President and Secretary of the Board, who
may make such designation by telephone, to make determinations
pursuant to this Rule. Notice of the time and place of such meetings
shall be posted at the Executive Office and on the Board's website.   In
the event that the Board determines that a petition does not comply with
these Rules, the Board shall forthwith notify the candidate or candidates
named on the petition of its determination and the reasons therefore.

D3.   Notification of a determination of noncompliance shall be given by
written notice by depositing such notice on the day of such determination
with an overnight delivery service, for overnight delivery, on the next
business day after the determination to the candidate or contact person,
if designated, at the address stated on the petition.  If the candidate files
with the Board written authorization, signed by the candidate, for the
Board to give notification by facsimile transmission, then the Board may
send such notice by facsimile transmission to the number set forth on
the signed written authorization and/or by overnight delivery, on the day
of the determination.

D4.   A candidate may, within three (3) business days of the date of a
determination that the petition does not comply with these Rules, cure
the violation of these Rules. Cover sheet deficiencies may be corrected

6

by the filing of an amended cover sheet.  Such cure or correction must be received by the Board no later than the third business day following such determination.  Such cure or correction will be reviewed by the Board to determine if it is in compliance with the Election Law and these rules.

D5.  If the petition is one for an opportunity to ballot, then the first named person on the committee to receive notices or applicant(s) for the identification number or numbers under  which the petition was filed shall be deemed to be the "candidate" for purposes of these Rules.

D6.  Upon expiration of the (3) business days set forth in Rule D4, the Board or a Commissioners Committee established pursuant to Rule D2, shall review the filed attempted cure.  If the Board determines that an attempt to cure a defect does not comply with these Rules or the Election Law, the Board shall notify the candidate or candidates named on the petition/cover sheet of its determination and the reasons therefore.  The Board shall give written notice of such determination and the fact that the candidate(s) will not appear on the ballot by depositing such notice on the day of such determination with an overnight delivery service, for overnight delivery, on the next business day after the determination to the candidate or contact person, if so designated, at the address stated on the petition, cover sheet and/or amended cover sheet, as applicable.

# E. PRIMA FACIE MATTERS

E1.     The Board reviews each Cover Sheet and Petition to insure compliance with the New York State Election Law.   On occasion, the Board determines that it appears that a Cover Sheet and/or Petition, on its face, fails to comply with the requirements of the New York State Election Law and is not subject to a cure under Section 6-134(2) of the Election Law.   In that event, the Board shall notify the candidate or designated contact person in writing, of the Board's preliminary finding of a Prima Facie defect and advise the candidate/contact person that he/she may appear at the commencement of the Board's hearings on said petitions to contest such preliminary finding.     Such review, preliminary finding and final determination shall be without prejudice to the Board's subsequent determination of objections and specifications of objections filed pursuant to the provisions of the Election Law and these Rules.

# F.  EXAMINATION AND COPYING OF PETITIONS

F1.     The Commissioners of the Board, or in their absence, the Executive Director, Deputy Executive Director, the Chief Clerks, Deputy Chief Clerks or such other staff as may be designated by the Executive Director, shall control the requisition, examination and copying of any document filed with the Board in order to assure that candidates, objectors or potential objectors and their representatives have an equal and fair opportunity to examine or copy such documents consistent with the needs of the Board to process petitions and specifications of objections.

F2.     Any person may obtain a copy of any document filed with the Board upon written application and payment of 25¢ per page.

F3.     No document shall be unfastened or taken apart (except by authorized employees of the Board of Elections) while examining the document; nor shall pen and ink or indelible pencil be used while examining documents.   Only red pencil is to be used while examining any document.     No other writing instrument may be used while examining any filed document.

8

# G. GENERAL OBJECTIONS

G1.    A general objection to a petition must be filed at the Executive Office of the Board, 32 Broadway, New York, N.Y. 10004, 7th Floor. The last day for filing general objections shall be three (3) days after the latest date on which any part of such petition or cover sheet was filed, even if said petition or cover sheet is subsequently not claimed by the candidate(s) appearing thereon.

> **NOTE:** The Board reserves the right to conduct an inquiry into the facts and circumstances of the filing of any document and the application of Rule G1.

G2.    In the event an amended cover sheet is filed to cure noncompliance with these Rules after the last day to file a petition, the general objection and specifications filed in support of such general objection shall address only issues raised by the amended cover sheet. Such a general objection and specifications are without prejudice to any other issues addressed in any timely filed general objection and supporting specifications which are addressed to the petition. In order to expedite a determination by the Board, objectors are urged to file specifications of an objection addressed to an amended cover sheet filed to cure after a determination of noncompliance at the time when the general objection is filed.

G3.    The general objection shall state the name and address of the objector and candidate, party name, and public office or party position on the petition to which the objection is addressed and shall be signed by the objector. If the objection is directed to a petition for opportunity to ballot the objection shall identify the public office or party position and petition volume identification number.

G4.    The general objection shall include a place for the optional designation of a contact person to receive notice of any rulings on the objection. The general objection should include any telephone numbers and fax numbers which can be used to provide notice regarding rulings on the objection.

# H. SPECIFICATIONS OF OBJECTIONS

H1.   Specifications of objections shall state the name and address of the objector and the candidate and public office on the petition to which the objection is addressed and shall be signed by the objector. The specifications of objections shall be prepared using ink.*   The specifications of objections shall be securely fastened together in one or more volumes.   The specification of objections in each and every volume shall be numbered sequentially at the bottom of each page of the specification.

*See Statement of the Commissioners of Elections in the City of New York adopted May 19, 2009 which is appended to these Rules*

H2.   The specifications shall include the name and mailing address of any contact person other than the objector to receive notice of any rulings on the specifications designated in the general objection. The specifications should include any telephone numbers and fax numbers which can be used to provide notice regarding rulings on specifications. The specifications may indicate separate numbers to be used on the Saturday and Sunday prior to the date scheduled for Commissioners' hearings.

H3.   When an objector files an objection which presents a factual issue which cannot be determined from documents on file with the Board, the specifications must set forth the factual allegations with particulars. The objector shall submit with the specifications, copies of any documents or affidavits that are required in order for the Board to rule on the issue.

H4.   If the specifications of objections claim that there are an insufficient number of valid signatures, the specifications must state the total number of signatures contained in the petition and the total number of signatures which the objector claims to be invalid.

H5.   Any specific objection to an individual signature or witness statement shall set forth the Board-assigned petition volume identification number, page number and line number and shall set forth with specificity the nature of each objection to that signature or witness statement.

H6.    The following abbreviations are acceptable:

| | |
|---|---|
| AI | Address illegible or so abbreviated it cannot be identified. |
| ALT | Alteration (date/signature) |
| DI | Date incomplete |
| DUP v._p._l._ | Duplicate of same signature located in the petition at volume identification # ___, page__, line__ |
| DSP | Date of witness statement is prior to date of signature |
| F | Forgery |
| ILLS | Illegible signature |
| ILLD | Illegible date |
| NA | No address stated |
| ND | No date stated |
| NE | Not enrolled in the party for which the petition is filed |
| NFN | No first name\name is so abbreviated it cannot be identified |
| NPN | No page number –petition page not sequentially numbered |
| NR | Not registered as stated in BOE records |
| OD | Out of the district of the contest |
| P | Pencil or not in ink |
| PR | Signature is printed or not handwritten |
| SH | Similar handwriting |
| TE | Date of signature is prior to first day for circulating petitions |
| TL | Date of signature is subsequent to last day for circulating petitions or subsequent to date of witness signature |
| SAP v._ p._l._ | Signed another petition for the same office on same or prior date designating another candidate, at petition volume identification #_____ page___, line___. |
| SW | Signature is that of the subscribing witness to the page |
| SWALT | Subscribing Witness information altered (not initialed) |
| SWNE | Subscribing Witness is not enrolled in the party for which the petition is filed |
| SWNQ | Subscribing Witness not qualified |
| SWNR | Subscribing Witness not registered, as stated |
| SWDI | Date incomplete in subscribing witness statement |

11

| | |
|---|---|
| SWA | No address or wrong address stated in subscribing witness statement |
| SWND | No date stated in subscribing witness statement |
| SWNN | Name of subscribing witness omitted from body of subscribing witness statement |
| SWNS | Signature of subscribing witness omitted |
| SWNSO | Number of signatures omitted from subscribing witness statement |
| SWWNS | Wrong number of signatures stated in subscribing witness statement |
| SWTE | Date of signature is prior to first day for circulating petitions |
| SWTL | Date of signature is subsequent to last day for circulating petitions |
| WA | Wrong address stated on petition |

*Objectors may use other abbreviations or symbols as long as they are clearly defined in the specifications.*

H7.    Objectors are warned not to include in the specifications broad, non-specific or generic claims or claims which are not supported by documents filed with the Board. The Board may dismiss the entire objections as frivolous if specifications include such claims.

H8.    Because the Board believes that the appropriate forum for determination of allegations of forgery or fraud is in an invalidating proceeding commenced in the Supreme Court pursuant to Election Law §16-102, the Board does not ordinarily rule on such allegations. In the rare case where an objector seeks to obtain a ruling from the Board on an issue of fraud, or on a factual issue which cannot be determined from documents already filed with the Board (such as petitions, registration records, party call, party rules, etc.), the specifications must set forth the factual allegations with particularity. The objector should submit with the specifications copies of any documents or affidavits that are required in order for the Board to rule on the issue. Notwithstanding such a submission, the Board will generally decline to rule on any allegation of fraud.

H9.  (a)  For petitions designating a candidate for public office, the objector must serve a copy of the specifications personally or by certified mail upon the candidate for public office before filing such specifications with the Board.

(b)  For petitions designating a candidate for party position, the objector must serve a copy of the specifications personally or by certified mail upon the first person listed under the committee to fill vacancies or the contact person before filing such specifications with the Board.

(c)  For petitions designating a candidate for party position for which no committee to fill vacancies or contact person has been designated, copies of the specifications, clearly labeled "copy one" and "copy two" on the face of the specifications must be filed with the Board.  The Board shall be deemed the agent for service of specifications of objections for all candidates for whom neither a committee to fill vacancies appears on the petition nor a contact person appears on the cover sheet.  The second copy shall be available at the Executive Office for inspection or copying.

H10.  Specifications of objections must be filed within six (6) days after the filing of general objections, in person, at the Executive Office of the Board, 32 Broadway, 7th Floor, New York, N.Y. 10004.  The Executive Office will be open during the period for filing objections and specifications until midnight of each day (except Saturday and Sunday) to permit the filing of such papers in person. The Election Law does not authorize the extension of time for filing objections or specifications.

H11.  Proof of service of specifications (which must identify the specification it is related to by either including the borough and General Objection/Specification number on the proof of service or attaching the proof of service to a copy of the first page of the specification) must be filed in person at the Executive Office of the Board, 32 Broadway, New York, N.Y. 10004, no later than the day after specifications are filed. The Board will issue a receipt for proof of service upon filing.

13

H12. Upon receipt of Specifications of Objection in a borough office, the Chief Clerk and Deputy Chief Clerk (or their designees) shall review said specifications of objections on their face and determine if said specifications appear to be frivolous or if the objectors lack standing to file such specifications. Upon such a preliminary determination by the Chief Clerk and Deputy Chief Clerk, they shall refer their preliminary determination to the Board's Executive Committee for all specifications of objections relating to petitions for citywide office or the respective Borough's Commissioners' Committee (consisting of the Commissioners for those Boroughs which contain part of a specific district) for specifications of objections relating to petitions for all other offices and/or positions for review. If the appropriate Commissioners' Committee confirms that the specifications of objection appear to be frivolous or that the objector(s) lack standing to file such specifications, they shall confirm the preliminary determination of the Chief Clerk and Deputy Chief Clerk and direct that the specifications of objections not be worked by the borough office staff. Such findings and confirmation thereof shall be reported to the Commissioners at the commencement of the hearings for their review.

## I. CLERKS'/COUNSEL'S REPORT

I1. The Chief Clerk and Deputy Chief Clerk of each borough shall assign staff to examine the specifications of objections and to prepare a report to the Commissioners on the objections.

I2. As soon as the borough office has prepared the report to the Commissioners, the borough office shall fax copies of the summary report (without line-by-line rulings) to the contact persons designated on the petition cover sheet and on the specifications to receive notices at the fax number indicated. Candidates or objectors who are unable to receive faxes must check with the Chief Clerk or Deputy Chief Clerk of the respective borough office if the candidate or objector wishes to review the Clerks' Report prior to the Commissioners' hearing.

14

I3.    At least twenty-four hours before each date for Commissioners' hearings, each borough office shall prepare a list of Clerks' Reports, which have not been completed and shall immediately transmit a copy to the Executive Office and shall make the list available to the public. The Commissioners' hearing on Clerks' Reports included on the list will be automatically postponed from the immediate hearing date to the next hearing date scheduled by the Commissioners unless there is consent from the objector and the candidate to rule on the Clerks' Report as scheduled.

I4.    Once the borough office has prepared the report to the Commissioners, the original specifications of objections with the line by line rulings of the clerks will be made available for examination or copying by the objector, candidate or representative, provided that the specification is not being used by the clerks for the review of any other specifications of objections.

I5.    The rules regarding examination and copying of petitions shall also apply to specifications of objections showing the clerks' line by line rulings.    The use of nominating or designating petitions and specifications by the clerks for the preparation of their report shall have priority over any request for examination or copying by any objector, candidate or their representative.

I6.    In the event that the specifications of objection present legal rather than or in addition to factual issues, said specifications of objections shall be referred to the Office of the General Counsel of the Board who shall assign staff to examine such specifications of objections and prepare a report to the Commissioners on the legal issues raised in the specifications.    The notice and inspection provisions found in Sections I2, I4 and I5 of these Rules shall apply to such Counsel's Report.

15

# J. HEARINGS

J1.   The Commissioners shall render a ruling on specifications of objections after they receive the Clerks' or Counsel's Report.   Candidates or objectors who wish to be heard by the Commissioners should review the Clerks'/Counsel's Report and individual line-by-line rulings prior to the Commissioners' hearing. Candidates or objectors are encouraged to present to the Commissioners a list of exceptions which identifies with specificity each ruling by the clerks which is claimed to be erroneous. In view of the short deadlines and urgency of obtaining final rulings by the Board, the Board may reject any application for an extension of time to review the Clerks'/Counsel's Report when the candidate or objector received notice of the Clerks' Report at least twenty-four (24) hours prior to the hearing (*including* weekends and holidays), or the candidate or objector failed to designate a fax number for the receipt of notice.

J2.   Attorneys appearing on behalf of a candidate or objector must file a Notice of Appearance on the Board prepared form, which shall include the current address, telephone number and fax number of the attorney.

J3.   An individual, other than an attorney (including a candidate or objector), representing a candidate or an objector must file a Notice of Authorization that must be signed by said candidate or objector. Notices of Appearance and/or Authorization can be obtained from the Candidate Records Unit.

J4.   The hearings held by the Board shall be transcribed by a professional reporter and/or tape recorded and preserved in the Board's permanent records.   Any person may obtain a copy of the transcript or tape recording by making a written request to the Executive Director or Deputy Executive Director (or their designees) and paying the applicable fee.

J5.   Whenever there is not a quorum of Commissioners present on any day scheduled for Commissioners' hearings, a committee of the Commissioners shall rule on the Clerks' or Counsel's Reports. The committee is constituted pursuant to Election Law §3-212 (5).   The committee shall consist of the largest equal number of Commissioners

from each of the political parties represented on the Board who are available and designated by the President and Secretary of the Board, who may make such designation by telephone. In the absence of the President or the Secretary, the Commissioner of the same political party with the greatest length of service on the Board who is available shall make such designation. The President and Secretary, or senior Commissioners present shall attempt to confer with the other Commissioners of the same political party before making such designation. The committee shall serve only for that hearing date, or until a quorum of the full Board is present, whichever is shorter, unless the full Board shall provide otherwise.

J6.    The Board may reconsider any determination or the determination of any committee of the Board.  In such event, the Board will provide notice to any objector, candidate and representative.

J7.    Prior to the commencement of each session's petition hearings a copy of the Prima Facie Calendar(s) (complied by the Candidate Records Unit & the Office of General Counsel) and the Specifications of Objections Calendar(s) for that session shall be posted at or near the entrance of the hearing room.

## K. JUDICIAL PROCEEDINGS

K1.    Judicial proceedings are governed by Article 16 of the New York State Election Law.  On June 18, 2012, the Commissioners adopted a policy statement and recommended provision for inclusion in any proposed Order to Show Cause sought pursuant to §16-102 of the Election Law. For the 2013 Primary Election, the attention of all candidates, objectors and their legal counsels is directed to the Notice containing the foregoing which is appended to these Rules.

# STATEMENT

### of the
## Commissioners of Elections in the City of New York

*The Commissioners of Elections in the City of New York, at their public meeting held on Tuesday, May 19, 2009, unanimously adopted the following statement providing their interpretation of Rule H1 of the Board's Designating and Opportunity to Ballot Petition Rules and directed that it be included in the Calendar and Rules booklet distributed by the Board and posted on the Board's website:*

With respect to Rule H1, the Board has determined that a specification of objection, which is prepared and submitted to the Board using ink, which  includes a photocopy and/or  a computer generated copy as well as any other form of permanent marking that is not susceptible to fraud constitutes compliance with the provisions of Rule H1.

18

at the Board's borough offices; adoption of this proposed provision would not

# NOTICE TO CANDIDATES, OBJECTORS
# AND THEIR LEGAL COUNSELS

## *Filing Petitions and Other Documents*
## *with the Board of Elections in the City of New York*

RE:        Orders to Show Cause under Section 16-102
           of the New York State Election Law


The Commissioners of Elections in the City of New York at their public meeting held on Tuesday, June 18, 2012 adopted the following policy statement and recommended provision for inclusion in any proposed Orders to Show Cause sought pursuant to Section 16-102 of the New York State Election Law.

In the past, the Orders to Show Cause brought under §16-102 often imposed mandates and obligations on the Board, that interfered with the activities of the Board and its staff and at a cost to the Board and the City's taxpayers. These Orders to Show Cause which have often been obtained on an ex-parte basis naming the Board of Elections, a governmental entity without notice or the opportunity to be heard.

By way of background, in prior years, on the initial return date for an Order to Show Cause in a special proceeding commenced under §16-102, usually no action is taken since the Board may not have yet competed its administrative hearings on Specification of Objections and Prima Facie findings.  Under this proposed provision, when included by the Supreme Court in an Order to Show Cause, at a later stage in the litigation, when documents may actually be needed, the Court may direct the Board to produce the necessary documents and only the necessary documents.  In addition, most of the Supreme Court's Election Parts conduct their line-by-line reviews of petitions at the Board's borough offices; adoption of this proposed provision would not result in a drastic change in the Supreme Court's practice.

Please note that the Commissioners directed that this attached recommended provision be made widely available by:

19

1. posting this Notice on the Board's website;
2. distributing copies of this Notice during petition filing weeks to each candidate, representative and objector;
3. transmitting a copy to each Administrative Judge of the Civil Terms of State Supreme Court within the City of New York requesting that they distribute the same to the Justices assigned to the Special Election Matters Part(s) and the Ex-Parte or Motion Support Office staff.

This policy and the recommended provision for inclusion in an Order to Show Cause are applicable to all §16-102 matters, be they for a Primary, General and/or Special Election. In addition, the Commissioners have determined that if an Order to Show Cause is entered (without notice to the Board) that contains a contrary provision, then the Board through the New York City Law Department would appear and oppose the inclusion of such a provision in the Order to Show Cause or seek its modification to include the recommended provision set forth below.

The Board of Elections in the City of New York thanks each candidate and their legal counsels for their cooperation and understanding.


Attachment


## BOARD OF ELECTIONS IN THE CITY OF NEW YORK

20



Exhibit I

CATHERINE GUARRIERO
Public Advocate
of the
City of New York

210 East Broadway,
Apartment #201
New York, NY 10002

| I DO HEREBY APPOINT - NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, NY 11209 |
| Dianne I. Stromfeld | 227110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

| I DO HEREBY APPOINT - NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H. SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 6/1/13 2013 Printed Name → | Arlene B Leonard ARLENE B LEONARD | 3510 Ave H 11210 Brooklyn, New York | Kings |
| 2 7-1 2013 Printed Name → | Rondal Little RONDAL LITTLE | 3510 Ave H #6J 11210 Brooklyn, New York | Kings |
| 3 7-1 2013 Printed Name → | Marjolie Little MARJOLIE D. LITTLE | 3510 Ave H #6J 11210 Brooklyn, New York | Kings |
| 4 7-1 2013 Printed Name → | Thelma McFadden Thelma McFadden | 3420 Ave H apt J Brooklyn, New York | Kings |
| 5 7-1 2013 Printed Name → | Agnes Clarke AGNES CLARKE | 3510 Ave H apt 4 C Brooklyn 11210 | Kings |
| 6 7-1 2013 Printed Name → | Russell Assing RUSSELL ASSING | 3420 AVE H 1C Brooklyn, New York | Kings |
| 7 7-1 2013 Printed Name → | Gaston Zitman GASTON ZITMAN | 3420 AVE H 1F Brooklyn, New York | Kings |
| 8 7-1 2013 Printed Name → | Kenneth Sealey KENNETH SEALEY | 3510 Ave H 5B Brooklyn, New York | Kings |
| 9 7-1 2013 Printed Name → | Nadine Harris NADINE HARRIS | 3510 Avenue H 1A Brooklyn, New York | Kings |
| 10 7-1 2013 Printed Name → | A. Morgan ADRIAN MORGAN | 3510 Avenue H 2R Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Arlene Leonard (Name of Witness) state: I am a duly qualified voter of the State of New York and am an enrolled voter of the Democratic Party. I now reside at 3510 Ave H J (Residence Address) Brooklyn, New York 11210.

Each of the individuals whose names are subscribed to this petition sheet containing 10 (Fill in Number) signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.

I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.

Date 7/1/13 2013    Arlene Leonard 7 (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid:

| City | County |
|---|---|
| New York | Kings |

Content Critical 2013 phone: 201 528 2785 attn: Al Handell    (733 P120-3)    SHEET No. 137

5

# ★ DEMOCRATIC PARTY ★

## DESIGNATING PETITION - KINGS COUNTY

**To the Board of Elections:**

I, the undersigned, do hereby state that I am a duly enrolled voter of the Democratic Party and entitled to vote at the next primary election of such party, to be held on September 10, 2013; that my place of residence is truly stated opposite my signature hereto, and I do hereby designate the following named person (or persons) as a candidate (or candidates) for the nomination of such party for public office or for election to a party position of such party.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE | PLACE(S) OF RESIDENCE |
|---|---|---|
| ERICK J. SALGADO | Mayor of the City of New York | 54 Galloway Avenue Staten Island, NY 10302 |

I DO HEREBY APPOINT- NAMES / ADDRESSES
- Edwin Marcial — 181 East 111 Street, Apartment 2A, New York, NY 10029
- Domingo Vasquez — 315 East 106 Street, Apartment 16B, New York, NY 10029
- Yonatan E. Teleky — 165 West End Avenue, Apartment 2M, New York, NY 10023

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES / ADDRESSES
- Kevin Peter Carroll — 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209
- Dianne J. Stromfeld — 27110 Grand Central Parkway, Apt, 28V, Floral Park, NY 11005
- Rosemarie A. Cavanagh — 65 Memphis Avenue, Staten Island, NY 10312
- Martha Flores-Vazquez — 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355
- Mary A. Sansone — 1451 59th Street PVT, Brooklyn, NY 11219

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES / ADDRESSES
- Barbara E. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
- John A. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
- Ursula A. Gangemi — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H. SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 6.11.13 2013 Printed Name → ARLENE B LEONARD | [signature] | 3510 Ave H Brooklyn, New York 11210 | Kings |
| 2 7-1 2013 Printed Name → RONDAL LITTLE | [signature] | 3510 Ave H #6J Brooklyn, New York 11210 | Kings |
| 3 7-1 2013 Printed Name → Marjorie D. Little | [signature] | 3510 Ave H #6J Brooklyn, New York 11210 | Kings |
| 4 7-1 2013 Printed Name → Thelma McFadden | [signature] | 3420 Ave H Apt J Brooklyn, New York | Kings |
| 5 7-1 2013 Printed Name → Agnes Clarke | [signature] | 3510 Ave H Apt 4 C Brooklyn, New York 11210 | Kings |
| 6 7-1 2013 Printed Name → Russell Assing | [signature] | 3420 Ave H 1C Brooklyn, New York | Kings |
| 7 7-1 2013 Printed Name → Gaston Zimau | [signature] | 3420 Ave H 1F Brooklyn, New York | Kings |
| 8 7-1 2013 Printed Name → Kenneth Sealey | [signature] | 3510 Ave H 5B Brooklyn, New York | Kings |
| 9 7-1 2013 Printed Name → | [signature] | 3510 Avenue H 1A Brooklyn, New York | Kings |

# ★ DEMOCRATIC PARTY ★

## DESIGNATING PETITION - KINGS COUNTY

**To the Board of Elections:**

I, the undersigned, do hereby state that I am a duly enrolled voter of the Democratic Party and entitled to vote at the next primary election of such party, to be held on September 10, 2013; that my place of residence is truly stated opposite my signature hereto, and I do hereby designate the following named person (or persons) as a candidate (or candidates) for the nomination of such party for public office or for election to a party position of such party.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| ERICK J. SALGADO | Mayor of the City of New York | 54 Galloway Avenue Staten Island, NY 10302 |

I DO HEREBY APPOINT- NAMES | ADDRESSES
| Edwin Marcial | 181 East 111 Street, Apartment 2A, New York, NY 10029 |
| Domingo Vasquez | 315 East 106 Street, Apartment 16B, New York, NY 10029 |
| Yonatan E. Teleky | 165 West End Avenue, Apartment 2M, New York, NY 10023 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES | ADDRESSES
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES | ADDRESSES
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H. SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 6-29 2013 Printed Name → JAMES DUSSAP | | | Kings |
| 2 6-29 2013 Printed Name → | | | Kings |
| 3 Printed Name → | | | Kings |
| 4 Printed Name → Nicole Charles | 1927 Troy Ave Brooklyn, New York BKLYN, NY 11234 | | Kings |
| 5 6-29 2013 Printed Name → Karen Adams / Karen Adams | 1927 Troy Ave Bklyn Brooklyn, New York NY 11234 | | Kings |
| 6 6-29 2013 Printed Name → Ma Gheline Herard | 1350 East 56 Brooklyn, New York Bkln NY 11234 | | Kings |
| 7 6-29 2013 Printed Name → Gloria Celestin | 3626 Kings highway Brooklyn, New York Brooklyn NY 1234 | | Kings |
| 8 6-29 2013 Printed Name → Cyndy Rene | 4155 Kings Hwy Brooklyn, New York Bklyn NY 11234 | | Kings |

... THE ... of GUERRIER ... | of the City of New York | Apartment H2001 New York, NY 10002

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 2BV, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| | Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|---|
| 1 | 6-29-2013 Printed Name → | James Dussap | 4146 Kings Highway 11234 Brooklyn, New York | Kings |
| 2 | 6-29-2013 Printed Name → | Fritz Maignan | 2076 E 49st 11234 Brooklyn, New York | Kings |
| 3 | 6-29-2013 Printed Name → | Deshaun Dussap | 4146 Kings Hishy 11234 Brooklyn, New York | Kings |
| 4 | 6-29-2013 Printed Name → | Nicole Charles | 1927 Troy Ave Bklyn N.Y 11234 Brooklyn, New York | Kings |
| 5 | 6-29-2013 Printed Name → | Karen Adams | 1927 Troy Ave Bklyn NY 11234 Brooklyn, New York | Kings |
| 6 | 6-29-2013 Printed Name → | Magdeline Atherar | 1350 East 56 NY 11234 Brooklyn, New York | Kings |
| 7 | 6-29-2013 Printed Name → | Gloria Celestin | 3626 Kings highway Brooklyn NY 11234 Brooklyn, New York | Kings |
| 8 | 6-29-2013 Printed Name → | Cyndy Rene | 4155 Kings Hwy Bklyn NY 11234 Brooklyn, New York | Kings |
| 9 | 6-29-2013 Printed Name → | Mercilia Dussap | 3413 Ave H Apt 2A Bklyn N.Y 11210 Brooklyn, New York | Kings |
| 10 | 6-29-2013 Printed Name → | Kisha Aikens | 1694 E 49th St Bklyn NY 11234 Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Katricia Prince Lewis state: I am a duly qualified voter of the State of New York and am an enrolled voter
(Name of Witness)
of the Democratic Party, I now reside at 1569 East 48th St Brooklyn, New York 11234
(Residence Address)

Each of the individuals whose names are subscribed to this petition sheet containing [ 10 ] signatures, subscribed the same in
(Fill in Number)

my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.

I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.

Date 6/29/ 2013          Katricia Prince Lewis
                              (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION.
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid.

| City | County |
|---|---|
| New York | Kings |

Content Critical 2013 phone: 201 528 2785 attn:Al Handeli          (733 P120-3)          SHEET No. 138

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Kevin Peter Carroll / 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209
Dianne I. Stromfeld / 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005
Rosemarie A. Cavanagh / 65 Memphis Avenue, Staten Island, NY 10312
Martha Flores-Vazquez / 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355
Mary A. Sansone / 1451 59th Street PVT, Brooklyn, NY 11219

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Barbara E. Wasserman / 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
John A. Wasserman / 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
Ursula A. Gangemi / 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H. SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| | Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|---|
| 1 | 6-20 2013 Printed Name → | Christina St Juste / Christina St | 4144 Kings Hwy Brooklyn, New York 11234 | Kings |
| 2 | 6-20 2013 Printed Name → | Sagine Valentin / Sagine Valentin | 170 72nd Street Brooklyn, New York | Kings |
| 3 | 6-20 2013 Printed Name → | Manolo Desire / Manolo Desire | 980 E 81 Street Brooklyn, New York Bklyn NY | Kings |
| 4 | 6-20 2013 Printed Name → | Monophile / Man ROPHINE | 980 E 81 st Brooklyn, New York Bklyn | Kings |
| 5 | 6-20 2013 Printed Name → | Andy Delbrun / ANDY Delbrun | 980 E 81 st Brooklyn, New York 11236 | Kings |
| 6 | 6-20 2013 Printed Name → | YVES DELBRUN | 980 EAST 81 st Bklyn N.Y. Brooklyn, New York 11236 | Kings |
| 7 | 6-20 2013 Printed Name → | Marline Desire / Marline Desire | 980 E 81 St Bklyn NY Brooklyn, New York 11236 | Kings |
| 8 | 6-20 2013 Printed Name → | Jacquin | 2416 Newkirk AVE Brooklyn, New York Bklyn | Kings |
| 9 | 6-20 2013 Printed Name → | Jacquin | 2416 Newkirk Bklyn Brooklyn, New York | Kings |
| 10 | 6-20 2013 Printed Name → | Serge St Juste / Serge St Juste | Serge St Juste Brooklyn, New York Kings Hwy Bklyn NY 11 | Kings |

## STATEMENT OF WITNESS

I, _Serge St Juste_ state: I am a duly qualified voter of the State of New York and am an enrolled voter
(Name of Witness)
of the Democratic Party. I now reside at _1569 East 48th St_ Brooklyn, New York 11234
(Residence Address)
Each of the individuals whose names are subscribed to this petition sheet containing _10_ signatures, subscribed the same in
(Fill in Number)
my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date _6/20/13_ 2013 _Serge St Juste_
(Signature of Witness)

WITNESS IDENTIFICATION INFORMATION.
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid:

| City | County |
|---|---|
| New York | Kings |

SHEET No. _133_

CATHERINE L. GUERRIERO of the Apartment H2001
New York, NY 10002

I DO HEREBY APPOINT- NAMES | ADDRESSES

Kevin Peter Carroll — 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209
Dianne I. Stromfeld — 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005
Rosemarie A. Cavanagh — 65 Memphis Avenue, Staten Island, NY 10312
Martha Flores-Vazquez — 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355
Mary A. Sansone — 1451 59th Street PVT, Brooklyn, NY 11219

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES | ADDRESSES

Barbara E. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
John A. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
Ursula A. Gangemi — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| | Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|---|
| 1 | 6.19.2013 Printed Name → | Francois Barthelemy | 1572 E 48 #1234 Brooklyn, New York Bklyn NY | Kings |
| 2 | 6.29.2013 Printed Name → | Marguerite Jamison | 1569 East 48th Street Brooklyn, New York | Kings |
| 3 | 6/29/2013 Printed Name → | Juliette Josma | 1569 East 48th Street Brooklyn, New York | Kings |
| 4 | 6/29/2013 Printed Name → | Patrick Mela | 1569 East 48 St Brooklyn, New York | Kings |
| 5 | 6/29/2013 Printed Name → | Cassandra Julien | 4 Twance Ct, Nanuet, NY 10954 Brooklyn, New York | Kings |
| 6 | 6/29/2013 Printed Name → | Marie Venter | Brooklyn, New York Bklyn NY | Kings |
| 7 | 6/29/2013 Printed Name → | Keith Vincen | 1568 East 48 st Brooklyn, New York | Kings |
| 8 | 6/29/2013 Printed Name → | H Kristin | 1568 E 48th St. Bklyn NY Brooklyn, New York | Kings |
| 9 | 6/29/2013 Printed Name → | Marleine Vincent | 1568 E 48 Brooklyn, New York | Kings |
| 10 | 6/29/2013 Printed Name → | Keith Vincent | 1568 E 48 St BKLYN NY Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Rita S. Martin state: I am a duly qualified voter of the State of New York and am an enrolled voter
(Name of Witness)
of the Democratic Party. I now reside at 1569 East 48th Street, Brooklyn, New York 11234
(Residence Address)

Each of the individuals whose names are subscribed to this petition sheet containing 10 signatures, subscribed the same in
(Fill in Number)
my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date 6/29/2013 2013 _____
(Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid:

| City | County |
|---|---|
| New York | Kings |

SHEET No. 14c

Content Critical 2013 phone: 201 528 2785 attn:Al Handell (733 P120-3)

CATHERINE L. GUERRIERO | of the | Apartment H2001
| City of New York | New York, NY 10002

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 91st Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 6-11 2013 Printed Name → | S. L. Deas / Sophia L. Deas | 3420 Ave H, 2L Brooklyn, New York 11210 | Kings |
| 2 6-12 2013 Printed Name → | Pamela Taylor / Pamela Taylor | 1655 Flatbush Ave Brooklyn, New York 11210 | Kings |
| 3 6-12 2013 Printed Name → | Bridget Adams / Bridget Adams | 2720 Foster Ave Brooklyn, New York 11210 | Kings |
| 4 6-12 2013 Printed Name → | Dorothy Brasier / Dorothy Brasier | 1655 Flatbush Ave Brooklyn, New York 11210 | Kings |
| 5 6-12 2013 Printed Name → | Sonia Reefer / Sonia Reefer | 1655 Flatbush Brooklyn, New York 11210 Brooklyn | Kings |
| 6 6-12 2013 Printed Name → | Barbara Miner / Barbara Miner | 1655 Flatbush ave Brooklyn, New York 11210 | Kings |
| 7 6-17 2013 Printed Name → | Tracie Nick / Tracie Nest | 3420 Ave H Brooklyn, New York Bklyn 11210 | Kings |
| 8 6-17 2013 Printed Name → | Laurel Hall / Laurel Hall | 3420 Ave H. Brooklyn, New York 11210 | Kings |
| 9 6-19 2013 Printed Name → | Aimee Wright / Aimee Wright | 3570 Av Brooklyn, New York 11210 | Kings |
| 10 6/19/13 Printed Name → | Anna Wade / Anna Wade | 1655 Flatbush ave Brooklyn, New York 11210 | Kings |

## STATEMENT OF WITNESS

I, Sophia L. Deas state: I am a duly qualified voter of the State of New York and am an enrolled voter
    (Name of Witness)
of the Democratic Party. I now reside at 3420 Ave H Bklyn N.Y. 11210 Brooklyn, New York.
                    (Residence Address)
Each of the individuals whose names are subscribed to this petition sheet containing 10 signatures, subscribed the same in
                                    (Fill in Number)
my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date 6 - 19 - 13      2013    S. L. Deas
                                (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid.

| City | County |
|---|---|
| New York | Kings |

SHEET No. 14

Content Critical 2013 phone: 201 528 2785 attn Al Handell    (733-P120-3)

CATHERINE L. GUERRIERO | of the | Apartment H2001
New York, NY 10002

| I DO HEREBY APPOINT- NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

| I DO HEREBY APPOINT- NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1. 7/6 2013 Printed Name → Germaine Henry | | 900 Ave H apt 1K Brooklyn, New York 11230 | Kings |
| 2. 7/6 2013 Printed Name → Brittany Date | | E.93 E 39th St Brooklyn, New York 11203 | Kings |
| 3. 7/6 2013 Printed Name → Sharon Medina | | 900 Ave H Brooklyn, New York 11230 | Kings |
| 4. 7/6 2013 Printed Name → Benjamin Medina | | 900 Ave H Brooklyn, New York 11230 | Kings |
| 5. 7/7 2013 Printed Name → | | 639 E 83 Brooklyn, New York | Kings |
| 6. 7/7 2013 Printed Name → Anthony Lugo | | 733 E 10th Brooklyn, New York 11230 | Kings |
| 7. 7/7 2013 Printed Name → | | 825 E 10th Brooklyn, New York | Kings |
| 8. 7/7 2013 Printed Name → | | 733 Linden Blvd Brooklyn, New York | Kings |
| 9. 2013 Printed Name → | | Brooklyn, New York | Kings |
| 10. 2013 Printed Name → | | Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Rita Molin state: I am a duly qualified voter of the State of New York and am an enrolled voter
(Name of Witness)
of the Democratic Party. I now reside at 1569 E 48th St, Brooklyn, New York 11234
(Residence Address)

Each of the individuals whose names are subscribed to this petition sheet containing 8 signatures, subscribed the same in
(Fill in Number)

my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date 7/7/2013 2013 _____ (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid

| City | County |
|---|---|
| New York | Kings |

SHEET No. 112

Content Critical 2013 phone: 201 528 2785 attn:Al Handell     (733 P120-3)

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES

| NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| | Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|---|
| 1 | 7/4/2013 | Joseph Dacille | 3948-82nd St 2nd Fl. Brooklyn, New York 11236 | Kings |
| 2 | 7/4/2013 | Jessica Pierre-Louis | 1569 E 48th St Brooklyn, New York 11234 | Kings |
| 3 | 7/4/2013 | Lesky-Ann Lawson | 1575 E 48 St Brooklyn, New York 11234 | Kings |
| 4 | 7/4/2013 | Lawson | 1575 E 48 St Brooklyn, New York 11234 | Kings |
| 5 | 7/4/2013 | Ricardo Lawson | 1575 E 48 St Brooklyn, New York 11234 | Kings |
| 6 | 7/4/2013 | Jean Lawson | 1575 E 48 St Brooklyn, New York 11234 | Kings |
| 7 | 2013 | | Brooklyn, New York | Kings |
| 8 | 2013 | | Brooklyn, New York | Kings |
| 9 | 2013 | | Brooklyn, New York | Kings |
| 10 | 2013 | | Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Rita J. Molin state: I am a duly qualified voter of the State of New York and am am enrolled voter
(Name of Witness)
of the Democratic Party. I now reside at 1569 East 48 St Brooklyn, New York 11234
(Residence Address)

Each of the individuals whose names are subscribed to this petition sheet containing 6 signatures, subscribed the same in
(Fill in Number)
my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date 7/4/2013 2013 _____
(Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid

| City | County |
|---|---|
| New York | Kings |

Content Critical 2013 phone: 201 528 2785 attn:Al Handel          (733 P120-3)          SHEET No. 1613

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Kevin Peter Carroll — 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209
Dianne I. Stromfeld — 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005
Rosemarie A. Cavanagh — 65 Memphis Avenue, Staten island, NY 10312
Martha Flores-Vazquez — 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355
Mary A. Sansone — 1451 59th Street PVT, Brooklyn, NY 11219

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Barbara E. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
John A. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
Ursula A. Gangemi — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 6-19 2013 | Margaret Byars / MARGARET BYARS | 1655 Flatbush Ave B 70Y Brooklyn, New York 11210 | Kings |
| 2 6-19 2013 | Lydia Antoine / LYDIA ANTOINE | 1655 Flatbush Ave A625 Brooklyn, New York 11210 | Kings |
| 3 2013 | | Brooklyn, New York | Kings |
| 4 2013 | | Brooklyn, New York | Kings |
| 5 2013 | | Brooklyn, New York | Kings |
| 6 2013 | | Brooklyn, New York | Kings |
| 7 2013 | | Brooklyn, New York | Kings |
| 8 2013 | | Brooklyn, New York | Kings |
| 9 2013 | | Brooklyn, New York | Kings |
| 10 2013 | | Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, Sophia L Deas, state; I am a duly qualified voter of the State of New York and am an enrolled voter of the Democratic Party. I now reside at 3420 Ave. H Bklyn NY 11210 Brooklyn, New York

Each of the individuals whose names are subscribed to this petition sheet containing 2 signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this petition sheet.

I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.

Date 6-19-13 2013 S. L. Deas (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid:

City: New York    County: Kings

SHEET No. 1464

Content Critical 2013 phone: 201 528 2785 attn:Al Handell    (733 P120-3)

 

★ # DEMOCRATIC PARTY ★

## DESIGNATING PETITION - KINGS COUNTY

**To the Board of Elections:**

I, the undersigned, do hereby state that I am a duly enrolled voter of the Democratic Party and entitled to vote at the next primary election of such party, to be held on September 10, 2013; that my place of residence is truly stated opposite my signature hereto, and I do hereby designate the following named person (or persons) as a candidate (or candidates) for the nomination of such party for public office or for election to a party position of such party.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| ERICK J. SALGADO | Mayor of the City of New York | 54 Galloway Avenue Staten Island, NY 10302 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Edwin Marcial — 181 East 111 Street, Apartment 2A, New York, NY 10029
Domingo Vasquez — 315 East 106 Street, Apartment 16B, New York, NY 10029
Yonatan E. Teleky — 165 West End Avenue, Apartment 2M, New York, NY 10023

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Kevin Peter Carroll — 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209
Dianne I. Stromfeld — 27110 Grand Central Parkway, Apt 28V, Floral Park, NY 11005
Rosemarie A. Cavanagh — 65 Memphis Avenue, Staten Island, NY 10312
Martha Flores-Vazquez — 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355
Mary A. Sansone — 1451 59th Street PVT, Brooklyn, NY 11219

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

Barbara E. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
John A. Wasserman — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215
Ursula A. Gangemi — 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| | Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|---|
| 1 | 7/10/2013 Printed Name → | Wislyn Noel | 620-E 57- Brooklyn, New York 11234 | Kings |
| 2 | 7/10/2013 Printed Name → | wislyva Nbel | 834 E48 Brooklyn, New York 11203 | Kings |
| 3 | 7/10/2013 Printed Name → | Junio R Nbel | 834 E 48 Brooklyn, New York 11203 | Kings |
| 4 | 7/10/2013 Printed Name → | Elton Prerre Loui? | 357- E 31 Brooklyn, New York 11226 | Kings |
| 5 | 2013 Printed Name → | | Brooklyn, New York | Kings |
| 6 | 2013 Printed Name → | | Brooklyn, New York | Kings |
| 7 | 2013 Printed Name → | | Brooklyn, New York | Kings |
| 8 | 2013 Printed Name → | | Brooklyn, New York | Kings |
| 9 | 2013 Printed Name → | | Brooklyn, New York | Kings |

| | | |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate<br>of the<br>City of New York | 210 East Broadway<br>Apartment H2001<br>New York, NY 10002 |

I DO HEREBY APPOINT - NAMES

| NAMES | ADDRESSES |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the<br>Borough of Brooklyn<br>of the City of New York | 1040 84th Street<br>Brooklyn, New York 11228 |

I DO HEREBY APPOINT - NAMES

| NAMES | ADDRESSES |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H. SIMILIEN | Council Member from the<br>45th Council District<br>Kings County<br>City of New York | 3420 Avenue H<br>Apartment #3C<br>Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 7/10 2013<br>Printed Name → | ONIKA MORGAN<br>Onika Mon | 3510 Avenue H<br>Brooklyn, New York | Kings |
| 2 7/10 2013<br>Printed Name → | Paulette Santroy | 886 E. 38th St<br>Brooklyn, New York | Kings |
| 3 2013<br>Printed Name → | Wendy LoLo | 885 E 38 St 3a<br>Brooklyn, New York | Kings |
| 4 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 5 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 6 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 7 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 8 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 9 2013<br>Printed Name → | | Brooklyn, New York | Kings |
| 10 2013<br>Printed Name → | | Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, HUGUE TURENNE state I am a duly qualified voter of the State of New York and am an enrolled voter
(Name of Witness)
of the Democratic Party. I now reside at 1280 OCean Ave #1H Brooklyn, New York 11230
(Residence Address)

Each of the individuals whose names are subscribed to this petition sheet containing _____ signatures, subscribed the same in
(Fill in Number)
my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false
statement, shall subject me to the same penalties as if I had been duly sworn.

Date 7/10 2013 _____
(Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid.

| City | County |
|---|---|
| New York | Kings |

SHEET No. 157

Content Critical 2013 phone: 201 528 2785 attn:Al Handell          (733 P120-3)

| | | |
|---|---|---|
| CATHERINE L. GUERRIERO | Public Advocate of the City of New York | 210 East Broadway Apartment H2001 New York, NY 10002 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

| | |
|---|---|
| Kevin Peter Carroll | 223 Bay Ridge Parkway, 1st floor, Brooklyn, New York 11209 |
| Dianne I. Stromfeld | 27110 Grand Central Parkway, Apt. 28V, Floral Park, NY 11005 |
| Rosemarie A. Cavanagh | 65 Memphis Avenue, Staten Island, NY 10312 |
| Martha Flores-Vazquez | 143-40 41st Avenue, Apt. 3H, Flushing, NY 11355 |
| Mary A. Sansone | 1451 59th Street PVT, Brooklyn, NY 11219 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JOHN F. GANGEMI | President of the Borough of Brooklyn of the City of New York | 1040 84th Street Brooklyn, New York 11228 |

I DO HEREBY APPOINT- NAMES / ADDRESSES

| | |
|---|---|
| Barbara E. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| John A. Wasserman | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |
| Ursula A. Gangemi | 121 8th Avenue, Apartment 1F, Brooklyn, NY 11215 |

all of whom are enrolled voters of the Democratic Party, as a committee to fill vacancies in accordance with the provisions of the Election Law.

| NAME(S) OF CANDIDATE(S) | PUBLIC OFFICE(S) | PLACE(S) OF RESIDENCE |
|---|---|---|
| JEAN H.SIMILIEN | Council Member from the 45th Council District Kings County City of New York | 3420 Avenue H Apartment #3C Brooklyn, New York 11210 |

In witness whereof, I have hereunto set my hand, the day and year placed opposite my signature.

| Date | Name of Signer (Signature Required) | Residence | County |
|---|---|---|---|
| 1 7/10 2013 Printed Name → | Wislyson Noel | 620-E57- Brooklyn, New York 11234 | Kings |
| 2 7/10 2013 Printed Name → | Wislyson Noel | 834 E48 Brooklyn, New York 11203 | Kings |
| 3 7/10 2013 Printed Name → | Jurliok Noel | 834 E48 Brooklyn, New York 11203 | Kings |
| 4 7/10 2013 Printed Name → | Elton Prene Lewis | 357- E 31 Brooklyn, New York 11226 | Kings |
| 5 ......2013 Printed Name → | | Brooklyn, New York | Kings |
| 6 ......2013 Printed Name → | | Brooklyn, New York | Kings |
| 7 ......2013 Printed Name → | | Brooklyn, New York | Kings |
| 8 ......2013 Printed Name → | | Brooklyn, New York | Kings |
| 9 ......2013 Printed Name → | | Brooklyn, New York | Kings |
| 10 ......2013 Printed Name → | | Brooklyn, New York | Kings |

## STATEMENT OF WITNESS

I, HUGUE TURENNE (Name of Witness) state: I am a duly qualified voter of the State of New York and am an enrolled voter of the Democratic Party. I now reside at 1280 Ocean Ave #1H (Residence Address), Brooklyn, New York.

Each of the individuals whose names are subscribed to this petition sheet containing [ ] (Fill in Number) signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.

I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.

Date 7/10 2013 [signature] (Signature of Witness)

WITNESS IDENTIFICATION INFORMATION:
The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid.

| City | County |
|---|---|
| New York | Kings |

# GANGEMI 2013
## 9920 Fourth Avenue, Suite 313
## Brooklyn, New York 11209
## 718-680-0851

Board of Elections of City of New York
32-42 Broadway
New York, New York 10004
<u>BY HAND</u>

July 24, 2013

Dear Sir/Madam:

We are in receipt of a Letter from the Board dated July 19, 2013 (copy annexed and marked "1"), wherein we were informed that our Second Amended Cover Sheet stamped July 17, 2013 (copy annexed and marked "2") was deficient for failure to contain the proper authentication required by Rule C4 and because there was an alleged Petition Volume on which the candidate did not appear. The Second Amended Cover Sheet was made in response to a letter from the Board July 15, 2013 (copy annexed and marked "3") indicating solely one deficiency in the Amended Cover Sheet stamped July 11, 2013 (copy annexed and marked "4"), wherein an unfiled Volume was claimed.

The missing certification language in the Amended Cover Sheet was not objected to by the Board. So, we did not add it to the Second Amended Cover Sheet. How can something be in compliance in one filing and then deemed in non-compliance in a subsequent filing without an opportunity to cure?

Further, our claim of signatures in volume KG1301377 is valid because signatures for our candidate appear on pages 137 to 144 and 151 to 152 of that volume (copies of same annexed and marked as "5"). Therefore, we were in compliance by claiming that volume.

We have prepared a Third Amended Cover Sheet reflecting the proper certification language and a clarification of our claim to signatures in Volume KG1301377 by noting the pages claimed. Please accept filing of this Third Amended Cover Sheet. The prior non-compliance was not material to the extent that it would cause any voter confusion

Very truly yours,

Dom Crispino
Assistant Campaign Manager

RECEIVED
G.O. BD. OF ELECTIONS
IN THE CITY OF NEW YORK
32 BROADWAY

2013 JUL 24  PM 3: 31

## THIRD AMENDED COVER SHEET

Designating and Independent Petitions Filed in New York City and Counties which Utilize Petition Identification Numbering Systems

| Name of Candidate | Public Office or Party Position | Residence Address (Also mailing address if different) |
|---|---|---|
| JOHN F. GANGEMI | PRESIDENT OF THE BOROUGH OF BROOKLYN OF THE CITY OF NEW YORK | 1040 84TH STREET BROOKLYN, N.Y. 11228 |

Total Number of Volumes in Petition ......... 14

Identification Numbers ......... KG 1301130, KG 1301120, KG 1301129, KG 1301118, KG 1301131, KG 1301122, KG 1301117, KG 1301127, KG 1301128, KG 1301119, KG 130135, KG 1301136, KG 130112

The petition contains the number, or in excess of the number, of valid signatures required by the Election Law.   KG 130137,

(Pages 137 To 144 and 151 To 152 only, inclusive)

Contact Person to Correct Deficiencies:

Name: FRANK MORAND
(please print)

Residence Address: 1026 SINCLAIR AVENUE
STATEN ISLAND, N.Y. 10309
(also mailing address if different)

Phone: 347-742-7902   Fax: _____

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above.

_Frank Morano_
Candidate or (Agent)

2013 JUL 24  PAGE: 21
RECEIVED
G.O. BD. OF ELECTIONS
IN THE CITY OF NEW YORK
32 BROADWAY

"This is to certify that I am authorized to file this amended cover sheet."

_Frank Morano_      July 24, 2013
Signature               Date

INSTRUCTIONS:  Clearly identify the original cover sheet being amended or attach a copy of the original cover sheet being amended.

RECEIVED
G.O. BD. OF ELECTIONS
IN THE CITY OF NEW YORK
32 BROADWAY

2013 JUL 24 PM 3: 31

## FOURTH AMENDED COVER SHEET

**Designating and Independent Petitions Filed in New York City and Counties which Utilize Petition Identification Numbering Systems**

DEMOCRATIC PARTY

| Name of Candidate | Public Office or Party Position | Residence Address |
|---|---|---|
| | | *(Also mailing address if different)* |

| JOHN F. GANGEMI | PRESIDENT OF BOROUGH OF BROOKLYN OF THE CITY OF NEW YORK | 1040 84TH STREET BROOKLYN, N.Y. 11228 |

Total Number of Volumes in Petition ............ __14__

Identification Numbers ............................... KG 130131, KG 1301122
KG 1301130 KG 1301120, KG 1301129, KG 130118
KG 1301117, KG 1301127, KG 1301128, KG 130119, KG 1301135, KG 1301136, KG 130112
The petition contains the number, or in excess of the number, of valid signatures required by the KG 1301377
Election Law.

(Pages 137 to 144
and 151 to 152
only, inclusive)

Contact Person to Correct Deficiencies:

Name: __FRANK MORANO__
*(please print)*

Residence
Address: __1026 SINCLAIR AVENUE__
__STATEN ISLAND N.Y. 10309__
*(also mailing address if different)*

Phone: __347-742-7902__ Fax: _____

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above

_____*(signature)*_____

Candidate or Agent

"This is to certify that I am authorized to file this amended cover sheet."

_____*(signature)*_____ __July 24, 2013__ Signature
Date

___

**INSTRUCTIONS:** *Clearly identify the original cover sheet being amended or attach a copy of the original cover sheet being amended.*



**Subject:** FW: hearing

**From:** Frank Morano (morano@nycradio.com)

**To:** Fpgfilms@aol.com; dcrispino9186@yahoo.com;

**Date:** Monday, July 22, 2013 9:07 PM


Need an answer from Connor on this ASAP re: his recommendation. My thinking is that we should be at the BOE hearing a week from tomorrow and ask to be recognized. In the meantime, we can try to sure up 6 votes.


From: Steven H. Richman [mailto:srichman@boe.nyc.ny.us]
Sent: Monday, July 22, 2013 8:18 PM
To: Frank Morano
Cc: *Legal Department; *CRU Group; Tom Sattie
Subject: RE: hearing


Mr. Morano:


The notice you received is the official determination on behalf of the Board of Elections in the City of New York with respect to the amended cover sheet and is issued pursuant to the Board's 2013 Designating Petition Rules. Rule D6 is intended to give the required notice with respect to the candidate's rights under Article 16 of the Election Law.


There is no specific provision in those Rules for appearing before the full Board to review a determination made by the Commissioners' Cover Sheet Review Committee. A person can seek to be recognized: the Commissioners will make the determination to grant that opportunity.


Thank you for your understanding in this matter.


STEVEN H. RICHMAN

General Counsel
Board of Elections in the City of New York

32 Broadway, 7th Floor

New York, NY 10004-1609

Tel: (212) 487-5338

Fax: (212) 487-5342

E-Mail: srichman@boe.nyc.ny.us

**From:** Frank Morano [                                    ]
**Sent:** Monday, July 22, 2013 4:46 PM
**To:** Steven H. Richman
**Subject:** hearing

Mr. Richman:

I was hoping you could help me with some questions. I'm working with John Gangemi, a candidate for Brooklyn Borough President. We received a non-compliance notice indicating that we were claiming a petition volume he wasn't on and that there wasn't the required authentication on the cover sheet. I was wondering if there was any opportunity to address the Commissioners on this issue. I remember that in 2009, DeBlasio was able to talk with the Commissioners re: his cover sheet error and we were hoping for the opportunity to do the same at their next meeting, or soon thereafter. I think the issue of the petition without the candidate is pretty open and shut, as he appears on that volume and we'd be delighted just to show the Commissioners the copy of the volume filed.

Thanks very much,

Frank

Frank Morano

Executive Producer

Radio Talk Show Host

AM 970 The Answer





FREDERIC M. UMANE
PRESIDENT

GREGORY C. SOUMAS
SECRETARY

JOSE MIGUEL ARAUJO
NAOMI BARRERA
JULIE DENT
MARIA GUASTELLA
MICHAEL MICHEL
SIMON SHAMOUN
J.P. SIPP

COMMISSIONERS

**BOARD OF ELECTIONS**
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004–1609
(212) 487–5300
www.vote.nyc.ny.us

EXECUTIVE DIRECTOR

DAWN SANDOW
DEPUTY EXECUTIVE DIRECTOR

PAMELA GREEN PERKINS
ADMINISTRATIVE MANAGER

STEVEN H. RICHMAN
GENERAL COUNSEL
Tel: (212) 487-5338
Fax: (212) 487-5342
E-Mail:
srichman@boe.nyc.ny.us

# PUBLIC NOTICE

# SCHEDULE OF HEARINGS ON DESIGNATING PETITION & RELATED MATTERS
## FOR THE SEPTEMBER 10, 2013 PRIMARY ELECTION

## All Hearings are conducted at the
## 6TH Floor Hearing Room, 42 Broadway, Manhattan
**************************************************

# Tuesday, July 30, 2013

10:00 AM -        BRONX COUNTY

        a)     Prima Facie Matters

        b)     Specifications of Objections

11:00 AM          STATED MEETING OF THE
                    COMMISSIONERS

# SCHEDULE OF HEARINGS ON DESIGNATING PETITION & RELATED MATTERS
## FOR THE SEPTEMBER 10, 2013 PRIMARY ELECTION

# Tuesday, July 30, 2013(continued)

12:00 Noon     RICHMOND COUNTY

a) Prima Facie Matters

b) Specifications of Objections

1:30 PM     CITYWIDE OFFICES
[Mayor/Comptroller/Public Advocate]

a)     Prima Facie Matters

b)     Specifications of Objections

2:00 PM     QUEENS COUNTY

a)     Prima Facie Matters

b)     Specifications of Objections

# Wednesday, July 31, 2013

10:00 AM     KINGS COUNTY

a) Prima Facie Matters

b) Specifications of Objections

2

# SCHEDULE OF HEARINGS ON DESIGNATING PETITION & RELATED MATTERS
## FOR THE SEPTEMBER 10, 2013 PRIMARY ELECTION

# Wednesday, July 31, 2013

2:00 PM          NEW YORK COUNTY

a) Prima Facie Matters

b) Specifications of Objections

# Thursday, August 1, 2013

10:00 AM         Call of Deferred Matters (if any)

## Notice to All Interested Persons:

All persons appearing before the Commissioners of Elections should arrive prior to the commencement of the schedule start time of each session.

As soon as a session or the Commissioners' stated meeting is concluded, the next scheduled borough's Calendar may be called.

*Issued By: The Board of Elections in the City of New York on July 23, 2013.*

3



Exhibit O

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:
------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF
SHANNA TROTMAN AND GLENN D. MARTIN,
               PETITIONER-OBJECTORS,

ERIC ADAMS

        CANDIDATE-AGGRIEVED
        PETITIONER,

      -AGAINST -
JOHN GANGEMI

        CANDIDATE

     -AND-

The BOARD OF ELECTIONS IN THE
CITY OF NEW YORK,
         RESPONDENT

FOR AN ORDER, PURSUANT TO SECTIONS 16-100, 16-102, AND
16-116 OF THE ELECTION LAW, DECLARING INVALID THE
DESIGNATING PETITION PURPORTING TO DESIGNATE THE
RESPONDENT CANDIDATE FOR PUBLIC OFFICE OF
PRESIDENT OF THE BOROUGH OF BROOKLYN, KINGS COUNTY,
CITY AND STATE OF NEW YORK, IN THE DEMOCRATIC PARTY
PRIMARY ELECTION TO BE HELD SEPTEMBER 10, 2013, AND
TO RESTRAIN THE SAID BOARD OF ELECTIONS FROM
PRINTING AND PLACING THE NAMES OF SAID CANDIDATE
UPON THE OFFICIAL BALLOTS OF SUCH PRIMARY ELECTION.
------------------------------------------------------------X

SPECIAL ELECTION PART
Index No. 700001/13
Hon. David I. Schmidt
August 8, 2013

The following papers numbered 1 to _2_ used in this proceeding

Order to Show Cause and Petition Annexed .....1...........................................................................
Other Papers...... (answer);.. (bill of particulars/offer of proof).........2    .........................

     Upon the foregoing papers and oral argument held on the record before the court in

this proceeding brought pursuant to Article 16 of the Election Law to declare invalid the

designating petition purporting to name respondent-candidate John Gangemi (respondent-

candidate or Mr. Gangemi) as candidate for the public office of President of the Borough of Brooklyn, Kings County, City and State of New York in the September 10, 2013 Democratic Party primary election, petitioner moves to dismiss respondent's purported cross petition to validate.

### Background Facts and Procedural History

On July 10, 2013, respondent-candidate filed a designating petition with respondent Board of Elections in the City of New York (the Board) purporting to designate him as a candidate for the office of Brooklyn Borough President in the September 10, 2013 Democratic Party primary election. Along with the petition, respondent-candidate filed a cover sheet which listed various volumes contained in the petition. On July 11, 2013, respondent-candidate filed an amended cover sheet which listed additional volumes in the petition including volume KG 1301124. The filing of this amended cover sheet was not prompted by a notice to cure letter from the Board. The amended cover sheet did not contain an authentication required by Board's Rule C4.[1]

In a letter dated July 15, 2013, the Board advised respondent-candidate's contact person (Frank Morano) that the cover sheet failed to comply with the Board's rules inasmuch as volume KG 1301124 was not filed. The letter further advised respondent that he had three business days from the date of the letter to cure the defect by filing an amended cover sheet

---

[1] Rule C4 of the Board's Designating Petition Rules for the September 10, 2013 Primary Election provides in pertinent part that, "An amended cover sheet . . . must contain the following authentication: 'this is to certify that I am authorized to file this amended cover sheet.'"

2

and that failure to file an amended cover sheet within three days "shall be a fatal defect." However, the Board's letter did not list the absence of the authentication required by Rule C4 as a defect.

On July 17, 2013, respondent-candidate filed a second amended cover sheet which omitted KG 1301124 from the list of volumes contained in the filed petition. This second amended cover sheet also listed a previously unclaimed volume in the petition - KG 1301377. In this regard, KG 1301377 was a volume containing several candidates with Mr. Gangemi's name only appearing on pages 137 to 144 and 151 to 152 of the volume. However, the second amended cover sheet did not specify the pages of volume KG 1301377 upon which Mr. Gangemi's name appeared. Finally, the second amended cover sheet failed to contain the authentication statement required by Rule C4.

In a letter dated July 19, 2013, the Board advised respondent-candidate's designated contact person that:

> "The Commissioners of Elections . . . pursuant to the provisions of Rule D6 of the Board's Designating Petition Rules for the September 10, 2013 Primary Election, at a meeting held on July 19, 2013, determined that [respondent-candidate] **will not appear on the ballot** for the September 10, 2013 Primary Election since the Amended Cover sheet filed **did not** comply with the New York State Election Law and/or the Rules of the Board of Elections."

In this regard, the Board's letter noted that the (second) amended cover sheet did not contain the authentication required by Rule C4. The Board further noted that the (second) amended

3

cover sheet claimed a petition volume on which the candidate does not appear. This latter defect was an apparent reference to volume KG 1301377.

On July 18, 2013, petitioner-objectors Shanna Trotman and Glenn D. Martin as well as candidate-aggrieved/petitioner Eric Adams commenced the instant proceeding by filing with the County Clerk a petition seeking to invalidate the designating petition filed by Mr. Gangemi. The matter was set down for a July 29, 2013 return date. Subsequently, on July 22, 2013, the objectors filed specifications of objections with the Board challenging various signatures on the designating petition. The Board reviewed the specifications and ultimately generated a clerk's report indicating that Mr. Gangemi's petition had 1809 valid signatures, 191 fewer than the 2,000 required for placement on the ballot.

On July 24, 2013, several relevant events transpired. In particular, respondent-candidate's attorney presented to the court for signature an order to show cause and verified cross-petition seeking to validate his designating petition. Notably, respondent-candidate did not purchase a new index number for this cross petition nor did he file the cross-petition with the County Clerk. Instead respondent-candidate used the existing index number purchased by petitioners as well as the caption of petitioners' invalidating proceeding. In any event, the court signed the order to show cause and set the cross-petition down for the scheduled July 29, 2013 return date.

Also on July 24, respondent-candidate's campaign manager (Dom Crispino) delivered to the Board a letter acknowledging receipt of the Board's July 19th letter. In this letter, Mr.

4

Crispino objected to the Board's claim that the second amended cover sheet was defective for failure to comply with Rule C4 inasmuch as the Board failed to cite this defect in its July 15th notice to cure the first amended cover sheet. In addition, Mr. Crispino claimed that KG KG 1301377 was a validly claimed petition volume inasmuch as Mr. Gangemi's name appeared on pages 137 to 144 and 151 to 152 of the volume. Finally, respondent-candidate simultaneously filed with the Board a third amended cover sheet and fourth amended cover sheet which indicated that Mr. Gangemi's name appeared on pages 137 to 144 and 151 to 152 of volume KG 1301377. The third and fourth amended cover sheet both contained the authentication statement required by Rule C4.[2]

On July 29, 2013, the parties appeared before the court and petitioner's moved to dismiss the cross petition based upon respondent-candidate's alleged failure to serve petitioner's attorney as directed in the July 24, 2013 order to show cause. At that point, the court advised the parties that it may lack jurisdiction with respect to the cross petition inasmuch as respondent-candidate had not purchased an index number or filed the cross petition with the County Clerk. The parties then asked the court for an opportunity to brief this issue and the matter was adjourned to August 1, 2013.

On August 1, 2013, the parties appeared before the court and petitioners submitted a memorandum arguing, among other things, that respondent-candidate's failure to purchase an index number for the cross petition was a fatal jurisdictional defect. Respondent-

---

[2]It is unclear what difference, if any, there is between the third and fourth amended cover sheets.

5

candidate submitted to the court an amended verified answer dated July 29, 2013 which contained a cross claim against the Board alleging that it made an erroneous determination in removing him from the ballot based upon the alleged cover sheet defect. Thereafter, the court heard oral argument from petitioners, respondent-candidate and the Board and reserved decision.

### Findings and Rulings

Turning first to the issue of the cross petition, it is well-settled that in order to properly commence a proceeding under Election Law § 16-102, a petitioner must purchase an index number and file his or her petition with the County Clerk (*Matter of Brown v Smith*, 76 AD3d 939, 940 [2010]; *Matter of White v Bilal*, 21 AD3d 573, 574 [2005]). Here, respondent-candidate failed to purchase an index number and further failed to file the cross petition with the County Clerk. Consequently, the cross petition to validate is jurisdictionally defective and must be dismissed.

With respect to the cross claim in respondent-candidate's answer, a party in an Election Law proceeding must seek leave of the court prior to interposing a cross claim (*Matter of Kiernan v New York State Bd. Of Elections*, 95 AD3d 1242[2012]; *Matter of Flood v Schopfer*, 20 AD3d 417, 419 [2005]; *Matter of Alessio v Carey*, 49 AD3d 1147, 1149 [2008]; *Matter of Koplen v Austin*, 5 AD3d 515, 516 [2004]). Here, respondent-candidate did not seek leave of the court before filing his answer with cross claim. Moreover, even if respondent-candidate had sought such leave, it would have been denied inasmuch as the

6

submission of the amended answer and cross claim on August 1, 2013 violated the published rules of the Kings County Special Election Part. In this regard the rules require that "any Answers . . . shall be filed with the Clerk of the Part no later than the time of the July 29, 2013 calendar call. Failure to serve and file same shall be deemed a waiver and further proof shall be precluded."

As a final matter the court notes that even if respondent-candidate's cross claim against the Board was properly before the court, and the court determined that the Board erred in rejecting the designating petition based upon the cover sheet defects, it would not be enough to salvage respondent-candidate's designating petition in the context of this proceeding. Specifically, the specifications of objections filed by the objectors resulted in a determination that Mr. Gangemi had 191 fewer than the 2,000 valid signatures required for placement on the ballot. However, as noted above, the cross petition against the objectors was jurisdictionally defective and respondent-candidate did not interpose any counter claims against the petitioner objectors on the initial return date (as required by the rules of the Election Part) or at any time thereafter. Thus, in this proceeding, there is no claim to validate against the objectors. Inasmuch as the objectors are necessary parties, such a claim is a prerequisite to reviving the 191 signatures respondent-candidate needs for placement on the ballot.

Accordingly, respondent-candidate's cross petition and cross claim are denied and dismissed. Further, inasmuch as the respondent-candidate has been ruled off the ballot by

7

the Board, petitioners' instant invalidating proceeding is dismissed as moot. However, the dismissal of petitioners' invalidating petition is without prejudice to renewal should respondent-candidate's validating claim be revived on appeal in this proceeding or in Mr. Gangemi's validating proceeding under Kings County Index Number 700027/13.

This constitutes the decision and order of the court.

ENTER FORTHWITH,

J. S. C.

HON. DAVID I. SCHMIDT

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:
-------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF

JOHN F. GANGEMI,

                PETITIONER,

     -AGAINST -

The BOARD OF ELECTIONS IN THE
CITY OF NEW YORK,

              RESPONDENT

     -AND-

SHANNA TROTMAN AND GLENN D. MARTIN,
              OBJECTOR-RESPONDENT,

ERIC ADAMS,

              CANDIDATE-AGGRIEVED
              RESPONDENT,

FOR AN ORDER, PURSUANT TO SECTIONS 16-100,
16-102 AND 16-116 OF THE ELECTION LAW, DECLARING
VALID THE DESIGNATING PETITION WHICH DESIGNATED
THE PETITIONER AS A CANDIDATE FOR PUBLIC OFFICE OF
THE BOROUGH PRESIDENT OF THE BOROUGH OF BROOKLYN
OF THE CITY OF NEW YORK, IN THE DEMOCRATIC
PRIMARY ELECTION TO BE HELD SEPTEMBER 10, 2013.
-------------------------------------------------------------------X

SPECIAL ELECTION PART
Index No. 700027/13
Hon. David I. Schmidt
August 8, 2013

The following papers numbered 1 to _2_ used in this proceeding

Order to Show Cause and Petition Annexed .....1..........................................................................
Other Papers..... (answer);.. (bill of particulars/offer of proof)......Court Exhibit #1...

Upon the foregoing papers and oral argument held on the record before the court in

this proceeding brought pursuant to Article 16 of the Election Law to declare valid the

designating petition purporting to name petitioner John Gangemi (petitioner or Mr. Gangemi)

1

as candidate for the public office of President of the Borough of Brooklyn, Kings County, City and State of New York in the September 10, 2013 Democratic Party primary election, petitioner moves for an order granting his petition to validate and respondents move for an order dismissing the validating proceeding.

### Background Facts and the Invalidating Proceeding

On July 10, 2013, petitioner filed a designating petition with respondent Board of Elections in the City of New York (the Board) purporting to designate him as candidate for the office of Brooklyn Borough President in the September 10, 2013 Democratic Party primary election. Along with the petition, petitioner filed a cover sheet which listed various volumes contained in the petition. On July 11, 2013, petitioner filed an amended cover sheet which listed additional volumes in the petition including KG 1301124. The filing of this amended cover sheet was not prompted by a notice to cure letter from the Board. The amended cover sheet did not contain an authentication required by Board's Rule C4.[1]

In a letter dated July 15, 2013, the Board advised petitioner's designated contact person (Frank Morano) that the cover sheet failed to comply with the Board's rules inasmuch as volume KG 1301124 was not filed. The letter further advised that petitioner had three business days from the date of the letter to cure the defect by filing an amended cover sheet and that failure to file an amended cover sheet within three days "shall be a fatal defect."

---

[1]Rule C4 of the Board's Designating Petition Rules for the September 10, 2013 Primary Election provides in pertinent part that, "An amended cover sheet . . . must contain the following authentication: 'this is to certify that I am authorized to file this amended cover sheet.'"

2

However, the Board's letter did not list the absence of the authentication required by Rule C4 as a defect.

On July 17, 2013, petitioner filed a second amended cover sheet which omitted KG 1301124 from the list of volumes contained in the filed petition. This second amended cover sheet also listed a previously unclaimed volume in the petition - KG 1301377. In this regard, KG 1301377 was a volume containing several candidates with Mr. Gangemi's name only appearing on pages 137 to 144 and 151 to 152 of the volume. However, the second amended cover sheet did not specify the pages of volume KG 1301377 upon which Mr. Gangemi's name appeared. Finally, the second amended cover sheet failed to contain the authentication statement required by Rule C4.

In a letter dated July 19, 2013, the Board advised petitioner that:

> "The Commissioners of Elections . . . pursuant to the provisions of Rule D6 of the Board's Designating Petition Rules for the September 10, 2013 Primary Election, at a meeting held on July 19, 2013, determined that [respondent-candidate] **will not appear on the ballot** for the September 10, 2013 Primary Election since the Amended Cover sheet filed **did not** comply with the New York State Election Law and/or the Rules of the Board of Elections."

In this regard, the Board's letter noted that the (second) amended cover sheet did not contain the authentication required by Rule C4. The Board further noted that the (second) amended cover sheet claimed a petition volume on which the petitioner's name does not appear. This latter defect was a reference to the recently claimed volume KG 1301377.

3

On July 18, 2013, respondent-objectors Shanna Trotman and Glenn D. Martin as well as candidate-aggrieved/respondent Eric Adams commenced a proceeding under Kings County Index # 700001/13 by filing with the County Clerk a petition seeking to invalidate the designating petition filed by Mr. Gangemi. The matter was set down for a July 29, 2013 return date. On July 22, 2013, the objectors filed specifications of objections with the Board challenging various signatures on the designating petition. The Board reviewed the specifications and ultimately generated a clerk's report indicating that Mr. Gangemi's petition had 1809 valid signatures, 191 fewer than the 2,000 required for placement on the ballot.

In a responsive e-mail sent July 22, 2013 (a copy of which was introduced by petitioner at oral argument and marked as court's exhibit #1), Steven H. Richman, General Counsel for the Board, informed petitioner's campaign manager (Dom Crispino) that the Board's July 19th letter "is the official determination on behalf of [the Board] . . . and is issued pursuant to the Board's 2013 Designating Petition Rules, Rule D6." The e-mail further advised Mr. Crispino that although there was no provision in the Board's rules for a review of this determination, a party could seek to be recognized by the Board and seek an opportunity for such review.[2]

On July 24, 2013, several events transpired. In particular, petitioner presented to the court for signature an order to show cause and verified cross-petition seeking to validate his

_____

[2]The original e-mail which prompted Mr. Richman's response was not submitted to the court.

4

designating petition. Notably, petitioner did not purchase a new index number for this cross petition nor did he file the cross-petition with the County Clerk. Instead, Mr. Gangemi used the existing index number (700001/13) previously purchased by respondents as well as the caption of respondents' invalidating proceeding. In any event, the court signed the order to show cause and set the cross-petition down for the scheduled July 29, 2013 return date.

Also on July 24, Mr. Crispino delivered to the Board a letter acknowledging receipt of the Board's July 19th letter. In this letter, Mr. Crispino objected to the Board's claim that the second amended cover sheet was defective for failure to comply with Rule C4 inasmuch as the Board failed to cite this defect in its July 15th notice to cure the first amended cover sheet. In addition, Mr. Crispino claimed that KG 1301377 was a validly claimed petition volume inasmuch as Mr. Gangemi's name appeared on pages 137 to 144 and 151 to 152 of the volume. Finally, petitioner simultaneously filed with the Board a third amended cover sheet and fourth amended cover sheet which indicated that Mr. Gangemi's name appeared on pages 137 to 144 and 151 to 152 of volume KG 1301377. The third and fourth amended cover sheet both contained the authentication statement required by Rule C4.[3]

On July 29, 2013, the parties appeared before the court in the invalidating proceeding and respondents moved to dismiss the cross petition based upon petitioner's alleged failure to serve respondents' attorney as directed in the July 24, 2013 order to show cause. At that point, the court advised the parties that it may lack jurisdiction with respect to the cross

---

[3]It is unclear what if any difference there is between the third and fourth amended cover sheets.

petition inasmuch as Mr. Gangemi had not purchased an index number or filed the cross petition with the County Clerk. The parties then asked the court for an opportunity to brief this issue and the matter was adjourned to August 1, 2013.

On July 31, 2013, the Commissioners of the Board carried out its scheduled hearing on designating petitions and related matters for the September 10, 2013 Primary Election in elections involving Kings County. At this hearing, Mr. Crispino reiterated his objections to the Board's determination regarding the cover sheet defects. However, the Board adhered to its determination that the cover sheets were fatally defective.

On August 1, 2013, the parties appeared before the court on the invalidating petition and respondents submitted a memorandum of law arguing, among other things, that petitioner's failure to purchase an index number for the cross petition was a fatal jurisdictional defect. Petitioner submitted to the court an amended verified answer dated July 29, 2013 which contained a cross claim against the Board alleging that it made an erroneous determination in removing him from the ballot based upon the alleged cover sheet defect. Thereafter, the court heard oral argument from the parties and the Board and reserved decision. Ultimately, in an order dated August 8, 2013, the court dismissed the cross petition and cross claim. The court further dismissed the invalidating proceeding as moot without prejudice to renewal should petitioner's validating claim be revived on appeal in either the invalidating proceeding or the instant validating proceeding.

6

## *The Instant Validating Proceeding*

On August 2, 2013, petitioner commenced the instant validating proceeding by purchasing an index number and filing a petition with the County Clerk. On that same day, Hon. Larry D. Martin of this court signed an order to show cause attached to the petition and set the matter down for an August 6, 2013 return date before this court. On the return date, counsel for petitioner and counsel for respondent objectors and respondent aggrieved candidate appeared before the court and oral argument was held on the record. In this regard, respondents moved to dismiss the instant validating petition on statute of limitations grounds.

In support of their motion, respondents point to the Board's July 19, 2013 letter which informed petitioner that pursuant to Rule D6 of the Board's rules, his name would not appear on the ballot due to the aforementioned defects in his cover sheet. Respondents further point to the Appellate Division, Second Department's ruling in *Matter of Leroy v Board of Elections in City of New York* (65 AD3d 645 [2009]), in which the court determined that a notification that a candidate has been removed from the ballot pursuant to Rule D6 provides for a final determination of invalidity so as to start running of the three business day statute of limitations set forth in Election Law § 16-102 (2). Thus, inasmuch as July 24, 2013 was three business days after the July 19, 2013 determination, and July 25, 2013 was 14 days after the last day to file petitions, respondents maintain that the statute of limitations expired more than a week prior to the commencement of this proceeding.

7

In opposition to respondents' motion, petitioner argues that the Board did not make a final determination regarding the invalidity of his designating petition until the Board's Commissioners voted him off the ballot at the July 31, 2013 hearing. In support of this contention, petitioner submits a copy of Mr. Richman's e-mail (court's exhibit #1) which indicates that Petitioner could seek to be recognized at this meeting regarding his objections. Petitioner further offers the sworn testimony of Mr. Crispino, in which he states that he did in fact raise the cover sheet issues at the Board's meeting and that the Board re-opened this issue. Petitioner also argues that the fact that the Board completed a clerk's report on the specification of objections submitted by the objectors after the July 19, 2013 letter indicates that the Board had not yet made a final determination on the invalidity regarding the designating petition. Finally, petitioner argues that to the extent that this validating proceeding was filed after the statute of limitations expired, it is nevertheless timely inasmuch as it relates back to the timely filed invalidating proceeding commenced by respondents under Kings County Index No. 700001/2013.

Under Election Law § 16-102 (2), a proceeding with respect to a designating petition must be filed within fourteen days after the last day to file the petition, or three business days after the Board makes a determination of invalidity of the petition, whichever is later. Here, it is undisputed that the instant proceeding was filed more than 14 days after the last day to file petitions. Accordingly, the issue before the court is whether the Board made a determination of invalidity of the petition when it issued the July 19, 2013 letter, or whether

8

this determination was made at the July 31, 2013 Commissioner's meeting. In particular, if the determination was made on July 19th, the matter is untimely. If the determination was made on July 31st the matter is timely.

In *Matter of Leroy* (65 AD3d at 645), the Second Department specifically ruled that the Board's letter to a candidate stating that she would not appear on the ballot pursuant to Rule D6 "provided for a final determination of invalidity" so as to begin the running of the statute of limitations set forth in Election Law § 16-102 (2). Here, the Board's July 19th letter unambiguously informed petitioner that pursuant to Rule D6, the Board determined that his name would not appear on the ballot. As such, *Matter of Leroy* is directly on point with the instant case and requires a finding that the Board's July 19th letter provided for a determination of invalidity for purposes of Election Law § 16-102 (2).

Further, none of the evidence or testimony submitted by petitioner demonstrates that Board subsequently re-opened the issue of the cover sheet defects so as to reset the running of the statute of limitations period. In particular, in the July 22, 2013 e-mail submitted by petitioners, General Counsel for the Board reiterated that the [July 19th] notice "is the official determination on behalf of the [Board]." Counsel further stated that this letter constituted the "required notice with respect to the candidate's rights under Article 16 of the Election Law." In addition, while it is undisputed that petitioner was permitted to raise the issue of the cover sheet defects at the Commissioners July 31, 2013 hearing, there was no formal reconsideration of the matter by the Board. At best, petitioner's arguments to the Board

9

constituted a request that the Board reconsider its prior determination, a request that the Board denied (*see Matter of Todd v New York City Hous. Auth*, 262 AD2d 202 [1999] [The statute of limitations is not extended by an application to an administrative agency to reconsider its prior determination]). Indeed, the appellate briefs in *Matter of Leroy* reveal that the candidate ruled off by the Board in that case also presented arguments at the Commissioner's meeting. However, this was insufficient to extend the statute of limitations.

The court also finds no merit to petitioner's argument that the Board's generation of a clerk's report on the specifications of objections after the July 19th letter demonstrates that the Board's determination on July 19th was not final. In this regard, the Board had an obligation to complete the clerk's report in order to create a complete record should the Board's determination on the prima facie cover sheet defect be overturned in subsequent litigation. Further, the relations-back doctrine has no application in an Election Law proceeding.

As a final matter, the court finds that even if petitioner's validating proceeding had been timely commenced, his designating petition was properly ruled invalid by the Board based upon a fatal cover sheet error. In particular, it is undisputed that petitioner's second amended cover sheet claimed the petition volume KG 1301377, but failed to indicate that petitioner's name only appeared on pages 137 to 144 and 151 to 152 of this volume. Furthermore, this defect was not corrected by petitioner until July 24, 2013, when he filed a third and fourth amended cover sheet. While it is well settled that the Board may not reject

10

a designating petition based upon a minor cover sheet error when the cover sheet is otherwise in substantial compliance with the Election Law, this does not hold true when the defect presents a risk of fraud or confusion (*Matter of Krance v Chiaramonte*, 87 AD3d 669 [2011]; *Matter of Magelaner v Park*, 32 AD3d 487, 488 [2006]). Here, petitioner's failure to identify the handful of petition sheets upon which his name appeared in the subject volume would likely prevent the objectors from reviewing and challenging the signatures on these sheets. Moreover, the last day to file specifications of objection was July 22, 2013, two days before the defect was corrected.

Accordingly, the instant validating proceeding is denied and dismissed as it was not timely commence under Election Law § 16-102 (2).

This constitutes the decision and order of the court.

E N T E R FORTHWITH,

J. S. C.
**HON. DAVID I. SCHMIDT**

11



# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D39124
W/htr

_____AD3d_____

Argued - August 13, 2013

MARK C. DILLON, J.P.
DANIEL D. ANGIOLILLO
THOMAS A. DICKERSON
JEFFREY A. COHEN, JJ.

2013-07993

DECISION & ORDER

In the Matter of John F. Gangemi, appellant,
v Board of Elections in the City of New York, respondent,
Shana Trotman, et al., respondents-respondents.

(Index No. 700027/13)

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating John F. Gangemi as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Brooklyn Borough President, the petitioner appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 8, 2013, which dismissed the proceeding as untimely.

ORDERED that the final order is affirmed, without costs or disbursements.

"A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102[2]). Here, the petitioner was notified on July 19, 2013, that his designating petition had been invalidated by the Board of Elections in the City of New York (hereinafter the Board) pursuant to rule D6 of the duly adopted Designating Petition and Opportunity to Ballot Petition Rules for the September 2013 Primary Election (hereinafter rule D6). Rule D6 provides for a final determination of invalidity upon a potential candidate's failure to cure a defect within his or her designating petition (see Matter of Leroy v Board of Elections in City of N.Y., 65 AD3d 645, 645).

The petitioner commenced this proceeding on August 2, 2013, which was 22 days

Page 1.

August 14, 2013
MATTER OF GANGEMI v BOARD OF ELECTIONS IN THE CITY OF NEW YORK

after the last day to file the designating petition, and 10 business days after the Board determined that the designating petition was invalid. Accordingly, the Supreme Court properly dismissed the proceeding as untimely (*see* Election Law § 16-102[2]; *Matter of McDonough v Scannapieco*, 65 AD3d 647, 648; *Matter of Leroy v Board of Elections in City of N.Y.*, 65 AD3d at 645-646; *Matter of Sayegh v Scannapieco*, 10 AD3d 439).

In light of the foregoing, the petitioner's remaining contentions have been rendered academic.

DILLON, J.P., ANGIOLILLO, DICKERSON and COHEN, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

Page 2.

August 14, 2013
MATTER OF GANGEMI v BOARD OF ELECTIONS IN THE CITY OF NEW YORK